HERNÁNDEZ ET AL., DEMANDANTES Y APELADOS, *v.* BERNARDINI ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de procedimiento hipotecario, devolución de finca rústica y reclamación de frutos.

No. 1636.—Resuelto en junio 21, 1917.

TRASLADO DE PLEITO—REIVINDICACIÓN—NULIDAD DE PROCEDIMIENTO HIPOTECARIO Y RECLAMACIÓN DE FRUTOS—ACCIÓN REAL.—Cuando la acción fundamental que se ejercita es la reivindicatoria, el pleito debe sustanciarse en el distrito en que radica la finca, aun cuando el demandado resida en otro distrito y en la demanda se solicite la nulidad de un procedimiento hipotecario y se reclamen frutos, todo sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, a tenor de lo dispuesto en la ley.

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sres. *Luis Capó* y *R. Cintrón Lastra.*

Abogado de los apelados: *Sr. Fernando Vázquez.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

En la Corte de Distrito de Humacao se entabló una demanda sobre "nulidad de procedimiento hipotecario, devolución de finca rústica y reclamación de frutos." Se alegó en ella, en resumen que la sucesión demandante era dueña de cierta finca rústica radicada en Caguas que había sido hipotecada por su causante, y que los dueños de la hipoteca, dos de los demandados, la ejecutaron, y la corte, sin llegar a adquirir jurisdicción, ordenó la venta de la finca, comprándola los dichos dos demandados, quienes tramitaron luego un expediente de conversión del título posesorio que ostentaban en título de dominio y la vendieron a la otra demandada que se halla actualmente en posesión de la misma. Emplazados los demandados, archivaron escritos de excepciones previas y solicitaron el traslado del pleito a la Corte de Distrito de Guayama, lugar de su residencia. La Corte de Distrito de Humacao oyó a ambas partes y desestimó finalmente la solicitud. Los demandados apelaron entonces para ante este tribunal.

Sostienen los apelantes que la corte de distrito aplicó indebidamente el artículo 75 de Código de Enjuiciamiento Civil y no hizo la debida aplicación del artículo 81 del propio cuerpo legal.

Ambos artículos forman parte del Título V del código, que trata del lugar para la celebración de los juicios en asuntos civiles, y son esencialmente iguales a las secciones 392 y 395 del Código de Enjuiciamiento Civil de California.

Según el artículo 75 deberán sustanciarse en el distrito en que radique el objeto de la acción, o parte del mismo, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, a tenor de lo dispuesto en el mismo código, entre otros, los pleitos que se sigan para recobrar la posesión de bienes raíces o de una propiedad o interés en la misma, o para de-

terminar en cualquier forma dicho derecho o interés. Según el artículo 81, en todos los demás casos no previstos especialmente por la ley, los pleitos se tramitarán en el distrito en que residieren los demandados.

¿Es éste un pleito que cae bajo el artículo 75? A nuestro juicio lo es. La acción fundamental que se ejercita es la reivindicatoria. Si se solicitan nulidades y se reclaman frutos, todo ello gira alrededor de dicha acción principal, y tiende, bajo cualquier aspecto que se le considere, a recobrar un interés en una propiedad inmueble. Y siendo esto así, no es aplicable la jurisprudencia que los apelantes invocan. Las acciones que se ejercitan no son personales, sino, por disposición del estatuto, reales.

En su volumen 40, página 57, dice Cyc. así:

"En la mayor parte de los Estados la competencia (*venue*) en un pleito para determinar un derecho o interés sobre bienes raíces, reside en el condado en que radica el objeto de la acción o alguna parte del mismo. La teoría expresada en éste y otros preceptos análogos, es que todas las transacciones que afecten al título sobre bienes raíces, serán asuntos de récord en el condado donde radiquen los bienes raíces, de modo que cualquier persona relacionada con el título pueda informarse de sus condiciones mediante examen de los récords públicos existentes en el condado. A esta teoría los términos del estatuto parecen dar el mayor alcance. En muchos Estados la promulgación comprende expresamente 'la determinación en cualquier forma' de un derecho o interés sobre bienes raíces. O en otros casos el estatuto en sus términos es de aplicación general a pleitos que 'puedan afectar' al título sobre bienes raíces, o a 'todos los pleitos relativos al título sobre bienes raíces.' Pero según ha sido interpretada por las cortes, esta regla estatutoria de competencia tiene restricciones de importancia. Algunas de éstas nacen de los mismos términos del estatuto. Las más importantes nacen de una tendencia a interpretar la regla estatutoria como aplicable sólo a pleitos que directamente determinen o afecten al interés sobre bienes raíces.'' 40 Cyc. 57.

Por las razones expuestas y vista además la jurisprudencia establecida por esta misma corte en los casos de *Río* v. *Váz-*

*quez,* 16 D. P. R. 808 y *Oliver* v. *Jayuya Development Co.,* 24 D. P. R. 834, debe confirmarse la resolución recurrida.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.