## McGHEE v. SHELY. (No. 6263.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1919. Rehearing Denied Nov. 26, 1919.)

VENUE ⬤⇒5(2)—ACTION ON NOTES AND MORT-GAGE IN COUNTY WHERE LAND IS SITUATED.

Under the express provision of Rev. St. 1911, art. 1830, subd. 12, fixing venue of suits to .foreclose liens on land, suit to recover on notes and foreclose a trust deed or mortgage securing them may be brought in the county where the land is situated, though defendant resides in another county.

Appeal from District Court, Jim Wells County; V. W. Taylor, Judge.

Suit by W. A. Shely against Geo. S. McGhee. From a judgment overruling defendant's plea of privilege, defendant appeals. Affirmed.

W. R. Perkins, of Alice, H. S. Bonham, of Beeville, and M. E. Jenkins, of Alice, for appellee.

COBBS, J. This is a suit instituted against appellant, Geo. S. McGhee, by the appellee, W. A. Shely, on certain promissory notes, and for the foreclosure of a deed of trust securing said notes; said deed of trust being a lien on certain land situated in Jim Wells county, Tex. The appellant filed a plea of privilege to be sued in the county of his residence, to which plea of privilege the appellee filed a controverting plea, and upon a hearing of privilege the court overruled the same. From a judgment overruling the said plea of privilege, the appellant has appealed. The appellant has filed no briefs in this case, but appellee has as is provided by rule 42 of Courts of Civil Appeals (142 S, W. xiv).

While appellant has filed assignments of error embracing several issues involving the preliminary rulings of the trial court and appellee has briefed several propositions, there is but one question in this case raised that requires any notice, and that is the question of venue, raised by proper plea of appellant, demanding his right to be sued in McLennan county, Tex., his domicile. As stated, this suit is to recover against appellant on his notes aggregating $1,900, evidenced by his two promissory notes, each $600, and one for $700, secured by said appellant by his deed of trust carrying a lien on his lands situated in Jim Wells county, the county in which the suit is filed. The court, at the request of appellant, made and filed his findings of fact and conclusions of law. That part relevant to this issue we quote as follows:

"Eighth. I find as a fact that plaintiff's cause of action is a suit based upon certain promissory notes executed by the defendant, Geo. S. McGhee, and for a foreclosure of a mortgage or deed of trust lien on certain lands lying and situated wholly within the county of Jim Wells and state of Texas, and that plaintiff in good faith seeks to foreclose said lien."

"My conclusion of law deducted from the foregoing findings of fact is as follows:

"I conclude as a matter of law that the venue of this suit is properly laid in Jim Wells county, Tex., this being a suit upon certain promissory notes, and for the foreclosure of a mortgage or deed of trust lien upon land situated wholly within the county of Jim Wells and state of Texas, and that the same comes within exception No. 12 of article 1830, Revised Statutes of the state of Texas."

The statute itself makes it too clear to admit of any doubt as to the venue in foreclosure suits. Subdivision 12 of article 1830 provides:

"Suit may be brought in the county in which the property subject to such lien, or a portion thereof, may be situated."

See, also, Com. Tel. Co. v. Territorial Bank & Trust Co., 38 Tex. Civ. App. 192, 86 S. W. 69; Ogburn-Dalchau Lumber Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48.

Finding no error in the ruling of the court, the judgment is affirmed.