Luis Sanquírico, recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

No. 864.—*Sometido:* Marzo 21, 1932. *Resuelto:* Junio 2, 1932.

*Luis A. Castro,* abogado del recurrente; el Registrador recurrido compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Un crédito hipotecario que está inscrito en el registro de la propiedad desde 1928 fué cedido a Luis Sanquírico, a cuyo nombre fué inscrito el 11 de agosto de 1931 (*sic*). Esa finca fué vendida a María Tomei en el procedimiento que ella siguió en cobro de dinero contra la dueña Carmen Paradís y fué comprada después por José Fernández Lema a cuyo nombre fué inscrita el 22 de enero de 1931. En pleito que Luis Sanquírico siguió contra Carmen Paradís en una corte municipal en cobro de dinero le fué adjudicada esa finca el 27 de junio de 1931 y cuando presentó su título para inscripción en el registro le fué negado por estar inscrita la finca a nombre de José Fernández Lema, persona distinta de Carmen Paradís. Posteriormente la corte municipal que conoció del pleito de Sanquírico decretó la cancelación de la inscripción existente a favor de José Fernández Lema fundándose en el caso de *Arroyo* v. *Zavala,* 40 D.P.R. 269, y en el artículo 36 del Código de Enjuiciamiento Civil que en él se

cita, pero el registrador, después de hacer una relación de las constancias de esa finca en su registro, se negó a cancelar esa inscripción por el motivo de que la acción de Sanquírico contra Carmen Paradís fué en cobro de pesos y no en ejecución de hipoteca y por no tener su título derecho de prelación a tenor de lo dispuesto en el artículo 1376 del Código Civil. Contra esa negativa de cancelación fué interpuesto por Sanquírico el presente recurso gubernativo.

En el caso de Arroyo v. Zavala, *supra,* el acreedor hipotecario instituyó para el cobro de su crédito inscrito el procedimiento sumario establecido por la Ley Hipotecaria y su reglamento y cuando para el pago de él se le adjudicó la finca gravada y trató de inscribirla encontró que estaba inscrita la finca a nombre de tercera persona que la había comprado después de requerido su vendedor en dicho procedimiento para que pagase la hipoteca. Puesto ese hecho en conocimiento de la corte ésta concedió un término a tal comprador para que satisficiera la hipoteca ejecutada, y no habiéndola pagado ordenó que la inscripción hecha a favor del comprador fuese cancelada. Los fundamentos que tuvimos para confirmar esa orden de cancelación no fueron precisamente que el procedimiento seguido para el cobro de hipoteca fué el sumario de la Ley Hipotecaria, aunque tal era el hecho en ese caso, sino que cuando una persona compra una finca con hipoteca inscrita conoce ese gravamen y se sustituye para su pago en lugar del deudor que vende y que si la hipoteca está vencida sabe que tendrá que pagarla si a su vencimiento no la satisface su vendedor, y que si es requerido para el pago y no lo hace su compra será cancelada.

Ahora bien, a pesar de la doctrina consignada en ese caso el registrador procedió correctamente al negar la cancelación porque a él no se le acreditó que la adjudicación hecha a Sanquírico lo fuese para pagar dicha hipoteca ni que el actual dueño Fernández Lema fué requerido para satisfacer ese gravamen de la finca que compró.

616

■ El recurrente acompañó con su alegato, presentado después del de el registrador, certificaciones para acreditar que su pleito en la corte municipal lo fué para cobrar su hipoteca por el procedimiento ordinario y que el actual dueño Fernández Lema fué requerido para que pagase dicha hipoteca sin que lo verificase, pero como esas certificaciones no tienen constancia de haber sido presentadas al registrador, y no lo fueron porque la fecha de ellas es posterior a la de la interposición de este recurso, no podemos tomarlas en cuenta para nuestra resolución porque debemos basarla en los hechos que el registrador tuvo ante sí y no en otros desconocidos para él.

El artículo 1376 del Código Civil que cita el registrador y que se refiere a los casos de doble venta no tiene aplicación al presente caso.

*La resolución recurrida debe ser confirmada.*

El Juez Asociado Señor Hutchison está conforme con el resultado.