Luis Sanquírico, recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

No. 872.—*Sometido:* Noviembre 7, 1932. *Resuelto:* Diciembre 23, 1932.

*Luis Castro,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Luis Sanquírico demandó a Carmen Paradís en la Corte de Distrito de San Juan en juicio ordinario para cobrarle una hipoteca por ella constituída en la finca No. 3937 cuadruplicado del tomo 159 de Caguas y su demanda fué anotada en el Registro de la Propiedad de Caguas el 3 de octubre de 1930. Seis meses después y cuando la finca hipotecada estaba inscrita a nombre de José Fernández Lema presentó Sanquírico demanda contra Carmen Paradís en la Corte Municipal de Río Piedras por el procedimiento ordinario para cobrar esa hipoteca, en cuyo procedimiento le fué adjudicada la finca gravada y se ordenó la cancelación de la inscripción hecha a favor de José Fernández Lema, cancelación que negó el registrador y que fué confirmada por nosotros por los motivos que aparecen en el caso de *Sanquírico* v. *Registrador,* 43 D.P.R. 614. Después obtuvo Sanquírico nueva orden de la Corte Municipal de Río Piedras para la cancelación de la inscripción de Fernández Lema y el mismo día libró el secretario el mandamiento correspondiente en el pleito en cobro de crédito hipotecario, pero cuando fué presentado en el registro de la propiedad de Caguas la finca estaba inscrita a nombre de Félix Sotelo Taboa. El registrador se negó a verificar la cancelación ordenada y fué interpuesto este recurso.

Los motivos que tuvo el registrador para su negativa son los siguientes: "Primero, porque la acción debió seguirse contra José Fernández Lema, quien tenía inscrita la finca en el registro de la propiedad desde antes de iniciarse la acción por ser ésta una acción real. Segundo, porque siendo una acción real debió entablarse dicha acción en la corte correspondiente a la jurisdicción donde radica la finca. Tercero, porque la orden y el mandamiento de cancelación tienen la misma fecha sin que conste de dicha orden que sea firme, y cuarto, por hallarse la finca inscrita actualmente a nombre de Félix Sotelo Taboa, que es un tercero que no ha inter-

venido en el litigio, puesto que de cancelarse la inscripción a favor de José Fernández Lema quedaría cancelada de hecho la inscripción a favor de Sotelo Taboa, quien adquirió de José Fernández Lema''.

■■ Los créditos hipotecarios pueden ser cobrados por el procedimiento sumario de la Ley Hipotecaria y su reglamento y también, como se hizo en este caso, de acuerdo con decisiones de este tribunal, persiguiendo en un procedimiento ordinario el cobro y venta de la finca hipotecada, pero en uno u otro caso la acción debe seguirse contra la persona que sea dueña de la finca según el registro al tiempo de comenzarse el procedimiento por disponerlo así expresamente el artículo 129 de la Ley Hipotecaria, cuyo precepto es aplicable al cobro por la vía ordinaria, ya que en ambos procedimientos existe la misma razón, cual es que sea demandado el actual dueño por el interés que tiene en la finca y no quien carece de él por haber dejado de ser dueño; y como la demanda que originó la orden de cancelación en este caso fué dirigida contra Carmen Paradís y no contra José Fernández Lema, que era el dueño cuando fué interpuesta, procedió correctamente el registrador al negar la cancelación de dicha inscripción.

■ El artículo 75 del Código de Enjuiciamiento Civil dispone que deberán sustanciarse en el distrito en que radique el objeto de la acción los pleitos para ejecución de hipotecas sobre propiedad inmueble; y aunque el artículo 77 autoriza la sumisión del demandado por convenio o por gestión de él, que no sea la de pedir que el juicio se celebre en la corte correspondiente, tal sumisión de la demandada no existe en este caso y por eso la corte municipal de Río Piedras no tuvo competencia para conocer del pleito para cobro de la hipoteca de una finca radicada en Caguas, que corresponde a otro distrito judicial.

■ El hecho de que la finca se halla inscrita a favor de Félix Sotelo Taboa desde antes de presentarse la orden de cancelación que motiva este recurso, no es motivo para haber

negado la cancelación de la inscripción de Fernández Lema, pues no se trata de inscribir un título estando inscrita la finca a favor de tercera persona.

En vista de las conclusiones a que llegamos se hace innecesario decidir si no siendo firme la orden de cancelación debe negarse su cumplimiento en el registro.

*La nota recurrida debe ser confirmada.*