MIGUEL J. ARSUAGA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

No. 915.—*Sometido:* Febrero 20, 1934. *Resuelto:* Marzo 8, 1934.

R. Cintrón Lastra, abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En un procedimiento seguido en la Corte de Distrito de San Juan recayó sentencia condenando al pago de cierta cantidad de dinero y se libró mandamiento al Márshal de la Corte de Distrito de Humacao para que en cumplimiento de esa sentencia vendiese una finca radicada en Caguas, hipotecada para garantía de la deuda. Ese márshal vendió dicha finca en subasta, la adjudicó al acreedor y le otorgó la correspondiente escritura de venta.

El Registrador de la Propiedad de Caguas se negó a inscribir esa venta "por observarse que la acción entablada y que motivó la venta en pública subasta es una acción real en cobro de crédito hipotecario en el que se solicitó específicamente el embargo y venta de la finca, habiéndose entablado la acción en la Corte de Distrito de San Juan, que no es la corte de distrito donde radica la finca, por lo que carecía dicha corte de jurisdicción de acuerdo con lo prescrito en el párrafo 3º. del artículo 75 del Código de Enjuiciamiento Civil".

De la escritura de venta que fué presentada al registro para inscripción y que tenemos ante nosotros aparece que la sentencia condenatoria fué dictada en juicio ordinario en cobro de crédito hipotecario, pues se emplazó a los demandados, se anotó su rebeldía, se celebró un juicio y se dictó sentencia por el resultado de la prueba que se presentó. No se trata pues de un procedimiento ejecutivo hipotecario en el que por disposición expresa del artículo 170 del reglamento hipotecario será juez competente el del lugar en que radiquen los bienes hipotecados sin que se admita sumisión en contrario.

El fundamento del registrador de que tratándose de un juicio para el cobro de una hipoteca tiene que seguirse el pleito necesariamente en el distrito donde radica la finca de acuerdo con el No. 3º. del artículo 75 del Código de Enjuiciamiento Civil no es sostenible, pues en el caso de *Jiménez v. Corte,* 45 D.P.R. 921, hemos declarado, según aparece de su sumario, lo siguiente:

"El procedimiento ordinario en cobro de una deuda garantizada con hipoteca se rige por las reglas generales aplicables al mismo. Así, si establecido el pleito en un distrito distinto del en que la finca radica se emplaza al demandado y éste no pide que el juicio se vea en el distrito correspondiente, queda sometido, y la corte adquiere jurisdicción para decidir el litigio."

*La nota recurrida debe ser revocada y ordenarse la inscripción.*