CRÉDITO Y AHORRO PONCEÑO, Plaintiff and Appellant, v. JUAN BAUTISTA ARGUINZONIS, Defendant and Appellee.

No. 6920. Argued January 30, 1936.—Decided July 6, 1936.

*M. Marcos Morales* for appellant. *M. Guzmán Texidor* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Juan Bautista Arguinzonis, a mortgagor residing in Cayey, within the judicial district of Guayama, obtained a change of venue from the district court of Bayamón wherein El Crédito y Ahorro Ponceño, mortgagee, had commenced an

órdinary suit to foreclose a mortgage. The mortgaged property was in Comerío, within the judicial district of Bayamón. The only basis for the order granting defendant's motion for a change of venue was the fact that he resided in another district.

By the express terms of Section 75 of the Code of Civil Procedure an action for the foreclosure of a mortgage on real property *"must be tried in the district in which the subject of the action, or some part thereof, is situated,* subject to the power of the court to change the place of trial, as provided in this code.'' Section 81 provides that: *"In all other cases* (meaning in all cases other than those specifically provided for in Section 75 and other sections preceding Section 81) the action must be tried in the district in which the defendants, or some of them, reside at the commencement of the action.'' The place of trial of an equitable action for the foreclosure of a mortgage when commenced in the district where the mortgaged property is situated cannot be changed on the ground of residence because such an action is not one of the ''other cases'' to which the operation of the rule prescribed by Section 81 is restricted by the first four words of that section. See *McFarland* v. *Martin,* 144 Cal. 771, 774; *Rogers* v. *Cody,* 104 Cal. 288; *Vallejo* v. *Randall,* 5 Cal. 462; *Maguire* v. *Cunningham,* (Cal. App.) 222 Pac. 838; *Georgia Casualty Co.* v. *O'Donnell,* (Fla.) 147 So. 267; *Bennett Savings Bank* v. *Smith,* 171 Iowa 405, 152 N. W. 717; *Sanquírico* v. *Registrador,* 44 P.R.R. 314; *Trueba* v. *Martínez,* 33 P.R.R. 446; *Trueba* v. *Rosales,* 33 P.R.R. 986; *Brown* v. *Holden,* 120 Iowa 191; *Wetmore State Bank* v. *Courter,* 155 Pac. 27; *Wipfler* v. *Warren,* 128 N.W. 178; *McGee* v. *Shely,* 216 S.W. 422; *First National Bank of Portland* v. *Courtright,* (Ore.) 158 Pac. 277; *Hawkins* v. *First National Bank,* (Md.) 165 N.E. 547; *Manufacturers Trust Co.* v. *Roerich Museum,* 236 App. Div. 76 (N.Y.); *Dunn* v. *Whitley Nat. Bank,* 39 S.W. (2d) 993; *Hernández* v. *Bernardini,* 25 P.R.R. 428; 67 Corpus Juris 55, Section 73–B, p. 88.

*Jiménez* v. *District Court,* 45 P.R.R. 891 and *Arsuaga* v. *Registrar,* 46 P.R.R. 287, relied upon by the district judge, are not in point. In the instant case the mortgaged property was situated in the judicial district of Bayamón, the action was commenced in the district court of the judicial district of Bayamón and the judicial district of Bayamón was "the proper district for the trial thereof." A perusal of Section 82 of the Code of Civil Procedure and of the opinion in *Jiménez* v. *District Court* and in *Arsuaga* v. *Registrar,* will suffice to distinguish those cases.

The order appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.