CRÉDITO Y AHORRO PONCEÑO, demandante y apelante, *v.* JUAN BAUTISTA ARGUINZONIS, demandado y apelado.

Núm. 6920.—*Sometido:* Enero 30, 1936. *Resuelto:* Julio 6, 1936.

M. *Marcos Morales,* abogado del apelante; M. *Guzmán Texidor,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Juan Bautista Arguinzonis, deudor hipotecario residente en Cayey, que está dentro del distrito judicial de Guayama, obtuvo un traslado de la Corte de Distrito de Bayamón, donde

el Crédito y Ahorro Ponceño, acreedor hipotecario, había iniciado un pleito ordinario en ejecución de hipoteca. La finca hipotecada se hallaba en Comerío, dentro del distrito judicial de Bayamón. La única base para la resolución concediendo la moción del demandado solicitando el traslado fué el hecho de que éste residía en otro distrito.

De conformidad con los términos expresos del artículo 75 del Código de Enjuiciamiento Civil, un pleito en ejecución de hipoteca sobre propiedad inmueble *"deberá sustanciarse en el distrito en que radique el objeto de la acción, o parte del mismo,* sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, a tenor de lo dispuesto en este código." El artículo 81 provee que *"en todos los demás casos* (queriendo significar con ello todo caso distinto a los específicamente mencionados en el artículo 75 y en los demás que preceden al 81) el pleito deberá verse en el distrito en que residieren los demandados, o alguno de ellos, al iniciarse el litigio." El lugar del juicio de una acción en equidad en ejecución de hipoteca, iniciado en el distrito en que está situada la finca hipotecada, no puede ser cambiado debido a la residencia de la parte, toda vez que tal pleito no es uno de los "demás casos" a que está limitado el alcance de la regla prescrita por las primeras cinco palabras del artículo 81. Véanse *McFarland* v. *Martin,* 144 Cal. 771, 774; *Rogers* v. *Cady,* 104 Cal. 288; *Vallejo* v. *Randall,* 5 Cal. 462; *Maguire* v. *Cunningham* (Cal. App.) 222 Pac. 838; *Georgia Casualty Co.* v. *O'Donnell* (Fla.) 147 So. 267; *Bennett Savings Bank* v. *Smith,* 171 Iowa 405, 152 N. W. 717; *Sanquírico* v. *Registrador,* 44 D.P.R. 326; *Trueba* v. *Martínez,* 33 D.P.R. 461; *Trueba* v. *Rosales,* 33 D.P.R. 1027; *Brown* v. *Holden,* 120 Iowa 191; *Wetmore State Bank* v. *Courter,* 155 P. 27; *Wipfler* v. *Warren,* 128 N. W. 178; *McGee* v. *Shely,* 216 S. W. 422; *First National Bank of Portland* v. *Courtright* (Ore.) 158 P. 277; *Hawkins* v. *First National Bank* (Md.) 165 N. E. 547; *Manufacturers Trust Co.* v. *Roerich Museum,* 236 App.

Div. 76; *Dunn* v. *Whitley Nat. Bank*, 39 S. W. (2d) 993; *Hernández* v. *Bernardini*, 25 D.P.R. 461; 67 Corpus Juris 55 sección 73B y pág. 88.

Los casos de *Jiménez* v. *Corte de Distrito*, 45 D.P.R. 921 y *Arsuaga* v. *Registrador*, 46 D.P.R. 296, en que se funda el juez de distrito, no son aplicables. En el presente caso la finca hipotecada estaba situada en el distrito judicial de Bayamón. El pleito fué iniciado en la corte de distrito del distrito judicial de Bayamón y el distrito judicial de Bayamón era "el en que debía seguirse el juicio." Un examen cuidadoso del artículo 82 del Código de Enjuiciamiento Civil y de las opiniones emitidas en *Jiménez* v. *Corte de Distrito* y en *Arsuaga* v. *Registrador* bastará para distinguir esos casos.

*La resolución apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.