## Louisville & Nashville Railroad Company v. Mitchell.

(Decided January 21, 1915.)

Appeal from Knox Circuit Court.

1. Carriers—Action Against for Injury to Passenger or His Property—Jurisdiction.—Under Section 73 of the Civil Code of Prac-

tice an action against a carrier for injury to a passenger or his property must be brought in the county in which the carrier resides, or in which the passenger or his property is injured, or in which he resides, if he reside in a county into which the carrier passes; and by Section 83 of the Code several causes of action may be united if each affect all the parties to the action, may be brought in the same county and may be prosecuted by the same kind of action.

2. Action—Misjoinder—Practice.—The question of a misjoinder of actions may be raised by a motion, under Section 85 of the Civil Code of Practice, to require the plaintiff to elect which of the actions he will prosecute.

3. Pleading—Demurrer.—A demurrer to a petition cannot enlarge the allegations of the petition by reciting extraneous facts in the demurrer.

4. Jurisdiction—Pleading—Demurrer.—Where a petition stated three causes of action, one of which could be maintained in the county wherein the action was brought, a special demurrer to the jurisdiction was properly overruled, because the court had jurisdiction over one of the causes of action stated in the petition.

5. Domicile—Residence.—Residence indicates permanency of occupation, as distinct from lodging, or boarding, or temporary occupation; it does not include as much as domicile, which requires an intention combined with residence.

6. Domicile—Residence.—One may seek a place for the purpose of pleasure, or business, or of health; if his intent be to remain, it becomes his domicile; if his intent be to leave as soon as his purpose is accomplished, it is his residence.

7. Negligence.—Under a general allegation of negligence, any negligence may be shown; but where specific acts of negligence are relied upon, they must be proved as alleged to sustain a recovery.

8. Carriers—Passengers—Injuries to.—A carrier is responsible for injuries received by a passenger in the course of his transportation, which might have been avoided or guarded against by the exercise of extraordinary vigilance, aided by the highest skill; and this caution and vigilance must necessarily be extended to all the agencies and means employed by the carrier in the transportation of the passenger.

9. Carriers—Passengers—Burden of Proof.—When the passenger has proved his injury as the result of a breakage in the car or the wrecking of the train on which he was being carried, the burden is then cast upon the carrier to show that the accident was due to a cause or causes which the exercise of the utmost skill and foresight could not prevent.

10. Verdict—When Verdict for $10,000 Not Excessive.—Where a passenger was injured in a railroad accident to such an extent that he was broken in health; permanently injured in his lungs; his nervous system broken down; his eyesight affected; his speech materially changed; the upper and middle lobes of his lung con-

solidated, which may lead to tuberculosis; his heart and bowels affected, a verdict of $10,000.00 is not excessive, although no bones of the passenger were broken.

11. Argument of Counsel.—Statements made by appellee's counsel in argument are not grounds for a reversal, unless they were prejudicial to the appellant.

BENJAMIN D. WARFIELD and BLACK, BLACK & OWENS for appellan*

J. M. ROBSION for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

On April 9, 1913, the appellant furnished Mitchell, the appellee, a box car in which to remove his household effects and personal property from Barbourville, in Knox county, to Point Levell, in Garrard county. Mitchell paid $38.00 for the use of the car, and was required to buy a passenger's ticket, although he rode in the car which was loaded with his household effects, farming implements, kitchen and dining-room furniture, some lumber, four pigs in a crate, and five head of cattle and a calf fenced off in one end of the car.

The car thus loaded was placed in the middle of an ordinary freight train and carried to Corbin, where it was put into a new train, consisting of forty-six loaded cars, Mitchell's car being placed next to the engine.

When the train reached Round Stone Creek, near Livingston, in Rockcastle county, from some unexplained reason Mitchell's car telescoped the tender, causing a bad wreck of Mitchell's car. The draw-head was pulled out of the car and Mitchell received severe internal injuries, although no bones were broken, and his property was badly damaged.

He brought this action in Knox county, and recovered a verdict and judgment of $10,000.00 for personal injuries; $350.00 for doctors' bills, medicines, nursing, &c.; and $500.00 for damage to and loss of his property, making a total recovery of $10,850.00. From that judgment the company prosecutes this appeal, and for a reversal relies upon the following grounds: (1) The Knox Circuit Court had no jurisdiction of the action; (2) no negligence upon the part of the appellant was shown; (3) the verdict was excessive; (4) misconduct of plaintiff's counsel upon the trial; and (5) error in the first three instructions.

1. The contract of shipment was made in Knox county; the accident occurred in Rockcastle county, while Mitchell was on his way to Garrard county. Appellant contends that Mitchell had left Knox county for the purpose of removing to and living in Garrard county.

Section 73 of the Code, which fixes the venue of actions against a common carrier, reads as follows:

"Excepting the actions mentioned in Section 75, an action against a common carrier, whether a corporation or not, upon a contract to carry property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the contract is made; or in which the carrier agrees to deliver the property. An action against such carrier for an injury to a passenger, or to other person or his property, must be brought in the county in which the defendant, or either of several defendants, resides; or in which the plaintiff or his property is injured; or in which he resides, if he reside in a county into which the carrier passes."

Section 83, relating to joinder of actions, provides, in part, that "several causes of action may be united, if each affect all the parties to the action, may be brought in the same county, and may be prosecuted by the same kind of action."

Appellant concedes that the Knox Circuit Court had jurisdiction to try the appellee's claim for injury to his property, because the contract to carry said property was made in Knox county. It insists, however, that the Knox Circuit Court had no jurisdiction over the other two claims, for personal injuries, and for doctor's bills, medicines, nursing, &c., because, under Section 73 of the Code *supra*, an action against a carrier for an injury to a passenger, or his property, must be brought in the county in which the defendant resides, or in which the plaintiff or his property is injured, or in which he resides, if he resides in a county into which the carrier passes. Mitchell and his property were injured in Rockcastle county; the appellant resides in Jefferson county, wherein its chief office is located; and it contends that Mitchell resided in Garrard county at the time he received the injuries to himself and his property.

Proceeding upon the theory that there was a misjoinder of causes of action, appellant attempted to raise that question by filing a speaking demurrer to the peti-

tion. This demurrer interposed an objection to the jurisdiction of the court to take cognizance of and try the three causes of action set up in the petition, and alleged that Mitchell was not a resident of Knox county at the time the injuries were inflicted, or when the petition was filed, but that he was a resident of Garrard county, through which the appellant then and at all times since operated a railroad, its chief office being in Jefferson county.

The special demurrer was properly overruled, for two reasons: First, because a demurrer cannot enlarge the allegations of a petition by reciting extraneous facts. Section 92 of the Civil Code of Practice says: "A special demurrer is an objection to a pleading which *shows* that the court has no jurisdiction of the defendant, or of the subject matter of the action." The petition does not show the facts relied upon to defeat the jurisdiction, and those facts cannot be shown by reciting them in the demurrer, as was here attempted. In the second place, the Knox Circuit Court clearly had jurisdiction of the claim for injury to Mitchell's property; and, since the special demurrer was to the jurisdiction generally, it was properly overruled because the Knox Circuit Court had jurisdiction over one of the causes of action stated.

Appellant could have raised the question of misjoinder of actions by making a motion under Section 85 of the Civil Code of Practice, to require the appellee to elect which of the actions he would prosecute. Metcalfe v. Johnson, 151 Ky., 826. But this it failed to do.

Appellant did, however, subsequently raise the question of the jurisdiction of the court, in its answer, by alleging that Mitchell was a resident of Garrard county at the time of the accident; and upon that allegation issue was joined and evidence taken. The only evidence, however, upon the question of residence was that of Mitchell. He testified that he had kept house in Barbourville for several years; that in February, 1912, he had bought a farm in Garrard county; and having difficulty in securing a satisfactory tenant, he resolved to go to the farm temporarily, in the spring of 1913, for the purpose of making some needed repairs and improvements upon the farm.

Mitchell was a traveling salesman for the Crescent Milling Company, and, expecting to continue his work

in the territory embracing Knox county, he had rented his Barbourville house for the summer, with the agreement that his tenant would surrender it in the fall. During his absence Mitchell reserved one room of his Barbourville house for storage purposes; and he further avowed that at the time of the accident and the trial he was City Clerk of Barbourville, the county seat of Knox county.

Appellant offered an instruction submitting to the jury the issue as to Mitchell's residence, but the circuit court refused to give it, upon the ground that the evidence upon that issue was all one way, and showed that Mitchell was a resident of Knox county at the time of the accident.

We are of opinion there was no error in this ruling. Mitchell testified, without contradiction, that his intended sojourn in Garrard county was to be temporary, and only for the purpose of caring for his farm in that county, and that his returning to Barbourville in the fall was arranged for with his tenant before he left Barbourville.

"Residence indicates permanency of occupation, as distinct from lodging, or boarding, or temporary occupation. It does not include as much as domicile, which requires an intention combined with residence.   *   *   *

"One may seek a place for purpose of pleasure, of business, or of health. If his intent be to remain it becomes his domicile; if his intent be to leave as soon as his purpose is accomplished, it is his residence." Bouvier's Dict.

The only evidence upon this issue shows that Mitchell never intended to reside in Garrard county.

Applying this rule to the uncontradicted facts shown by Mitchell's testimony, he was a resident of Knox county, and the Knox Circuit Court had jurisdiction to try all the causes of action set forth in the petition.

2. Appellant insists that it can be liable only in case negligence is shown upon the part of its servants and employes, and that the proof in this case wholly fails to show negligence; and, further, that the petition rested the plaintiff's case upon a charge of negligence in furnishing him a car that was greatly out of repair, dangerous and unsafe, while the proof shows the accident is unexplained, or at least was not caused by a defective car.

Appellant, however, states the case too strongly in its own behalf, since there was proof that the car was old and rotten; that it had an old, worn, cracked and broken draw-head; and that the draw-head had been pulled from the broken and rotten timbers of the car.

Unquestionably the rule is, that, under a general allegation of negligence, any negligence may be shown; but where specific acts of negligence are relied upon, they must be proved as alleged, in order to sustain a recovery. But here there was evidence to sustain the negligence specifically charged.

Appellant insists that the accident occurred by the breaking of the air hose which automatically set the brakes on the engine, and that the momentum of the heavy train caused by its movement, caused the slack in the train to be taken up, and Mitchell's car to be thrown against the engine in the way above described. Appellant would explain the breaking of the hose by suggesting that it was cut by a tramp riding on the train. There is no evidence, however, even tending to support the suggestion.

Appellee explains the accident by saying that the weight of the train pulled the draw-head out of the rotten sill, and the draw-head also broke; that this caused the train to part, and the hose or air-line was thereby broken and the brakes automatically applied to the engine, whereupon the train ran against the engine and tore up the car, as above indicated.

It is sufficient in this connection to say that there was evidence upon both sides of the charge that the car was defective; and that being true, the decision of that question was for the jury.

A common carrier of passengers is bound to provide for their safety, so far as human care, skill and foresight are capable of securing that end. Morgan v. C. & O. Ry. Co., 127 Ky., 435, 15 L. R. A. (N. S.), 790, 16 Ann. Cas., 608; C. & O. Ry. Co. v. Burke, 147 Ky., 694, Ann. Cas. 1913 D., 208; 4 R. C. L., p. 1144.

As was said by Mr. Justice Harlan, in Pennsylvania Railway Co. v. Roy, 102 U. S., 451:

"He (the carrier) is responsible for injuries received by passengers in the course of their transportation, which might have been avoided or guarded against by the exercise upon his part of extraordinary vigilance, aided by the highest skill. And this caution and vigi-

lance must necessarily be extended to all the agencies and means employed by the carrier in the transportation of the passenger. Among the duties resting upon him is the important one of providing cars and vehicles adequate; that is, sufficiently secure as to strength and other requisites for the safe conveyance of passengers. That duty the law enforces with great strictness. For the slightest negligence or fault in this regard, from which injury results to the passenger, the carrier is liable in damages.''

This rule as to the full duty of the carrier to the passenger is supported by the decisions of this court in Kentucky Central R. R. Co. v. Thomas, 79 Ky., 160, 42 Am. Rep., 208; Davis v. Paducah Light & Ry. Co., 113 Ky., 267, and cases *supra.*

And, the injury having been shown, the burden is upon the carrier to show that it could not have prevented it by the exercise of the utmost skill and foresight.

In Morgan v. C. & O. Ry. Co., *supra,* the rule was stated as follows:

''When the passenger has proved his injury as the result of a breakage in the car or the wrecking of the train on which he was being carried, whether the defect was in the particular car in which he was riding or not, the burden is then cast upon the carrier to show that it was due to a cause or causes which the exercise of the utmost human skill and foresight could not prevent. And the carrier in this connection must show, if the accident was due to a latent defect in the material or construction of the car, that not only could it not have discovered the defect by the exercise of such care, but that the builders could not by the exercise of the same care have discovered the defect or foreseen the result.''

The petition having charged that the car furnished Mitchell was defective, and sustained that charge by proof, there was a case for the jury, and appellant's motion for a peremptory instruction was properly overruled.

3. Was the verdict excessive? This ground relates principally, if not entirely, to the recovery of $10,000.00 for personal injuries; the size of the two smaller recoveries is not seriously questioned.

Mitchell was 37 years of age, and had been earning about $1,500.00 net annually for several years. And, al-

though no bones were broken, he was knocked unconscious, and was confined to the house for about six weeks. His principal injury was caused by a blow upon the chest and bowels, which injured him internally, causing him to expectorate blood from his lungs. According to Mitchell's testimony, he is broken in health; permanently injured in the lungs; his nervous system is broken down; his eyesight affected; his speech is materially changed; all of said injuries having resulted from the injury to his back, hip, legs, bowels and lungs. He has been unable to do any work since the accident; and, according to Dr. Jones, who examined him about six weeks after the accident, and shortly before the trial, the air did not go into the upper lobe or middle lobe of the left lung, thereby causing a consolidation of that organ, which may lead to tuberculosis. Dr. Jones further testified that he treated Mitchell for his bowels, lungs and heart; that his heart was very weak at times; that his bowels were "dead;" and his left hand was cold and clammy, indicating tuberculosis. Before the accident Mitchell weighed from 176 to 180 pounds; at the time of the trial he weighed about 140 pounds. Although no bones were broken, this proof tends strongly to support Mitchell's claim that his injuries are serious and permanent.

There was some medical proof introduced by the appellant to the effect that Mitchell's injuries were more feigned than serious, but that was a question for the jury to pass upon. If Mitchell's injuries were as bad as they were outlined by him and Dr. Jones, and the jury had a right to believe them, we are not prepared to say that the verdict is palpably against the weight of the evidence. L. & N. R. R. Co. v. Mitchell, 87 Ky., 327.

4. The misconduct of counsel for appellee consisted in his making the following statements in his argument to the jury, which were objected to by counsel for appellant:

"1. If the jury waits till one of your fellows come in here and admit that anything wrong happened, we'd all be in the grave. (Defendant objects.) Well, that's the fact.

"2. Yes, you get on one of these trains and go anywhere and there's a wreck and the employes come in here and they are looking everywhere, they look at the brakes, the hand-holds, the wheels and everything.

"3. The railroad is in fault or Mathew Mitchell is in fault; a thing like this cannot happen without one or the other is in fault. Now where's Mathew Mitchell in fault? ·

"4. You can ridicule Mathew Mitchell, but it's my honest judgment, gentlemen, that you'll not see Mathew Mitchell above the dirt twelve months from today. (Objection.) That's my honest judgment, gentlemen, from the evidence of Dr. Doxier and Dr. Jones.

"A. What, would you go through with the pain and suffering he has endured and what pain and suffering he will endure?

"B. If he goes to his grave by the result of this injury this verdict is the end of it; if he lives throughout his life to endure this pain and suffering this verdict is the end of it. Bring a verdict that means something."

While some of these statements were not, strictly speaking, entirely relevant to the questions at issue, they were not prejudicial.

5. Aside from the contention that there should have been a peremptory instruction for the reasons above stated, no serious or substantial objections are made to the instructions given. In their brief counsel for appellant make some minor objections of the first three instructions, but they are more critical than substantial. In requiring appellant to exercise only ordinary care in inspecting its cars, the instructions were more favorable to appellant than the authorities above cited warranted.

Judgment affirmed.