# Dunn et al. v. Whitley National Bank.

(Decided June 12, 1931.)

C. R. LUKER for appellants.

HAZLEWOOD & HAMM for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

On July 16, 1929, Alex Dunn, Mitchell Dunn, J. W. Dunn, and Mack Dunn executed to the Whitley National Bank a note for $4,067.29, due in six months thereafter. On October 1, 1929, Alex Dunn and Dora Dunn executed to the bank a note for $600, due in six months. On November 12, 1929, Alex Dunn and Dora Dunn, his wife, executed to the bank a mortgage on a tract of land in Laurel county to secure the payment of the above notes. On June 4, 1930, the bank brought this action in the Laurel circuit court to recover on the two notes and enforce the mortgage. The defendants filed a general demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer

was overruled. The defendants then filed an answer in which they alleged, in substance, that at the time of the execution of the mortgage it was agreed between the plaintiff and the defendants that the plaintiff would, when the two notes became due, accept a deed for the land named in the mortgage in full settlement of the two notes, if the defendants at that time were not able to pay the notes or did not pay them, and that no action would be filed against them on the notes. They alleged that, when the notes became due, the defendants attempted to comply with the contract by executing a deed for the property in full settlement of the notes and tendered it to the plaintiff, but the plaintiff failed and refused to accept the deed and instituted this action. They prayed that the plaintiff be required, by a proper order, to accept the deed in full settlement of the debt. The allegations of the answer were denied by reply. The case came on for hearing before a jury, who, after hearing the evidence, returned a verdict for the plaintiff. The defendants appeal.

The first objection is that the defendant's demurrer to the petition should have been sustained. The general demurrer raised no question except that the petition failed to state facts sufficient to constitute a cause of action. The action was brought in Laurel county. The defendants were served in Whitley county; but if they wish to object to the jurisdiction of the Laurel circuit court, they should, under section 92 of the Civil Code of Practice, have filed a special demurrer on this ground or a pleading setting up the facts if the necessary facts were not shown by the record. The petition stated a cause of action. By section 62 of the Civil Code of Practice, an action must be brought in the county in which the land lies for the sale of the land under a mortgage. As the land lay in Laurel county, the action was properly brought there, although Dunn and his wife lived in Whitley county.

There was no substantial error of the court in the rejection or admission of testimony. While the court sustained objections to certain questions when asked, the witness later stated the facts fully in answer to other questions, and so the case was fairly and fully presented to the jury. Complaint is made of the instructions, which were in these words:

"If you shall believe from the evidence that at the time of the execution and delivery of the mort-

gage mentioned in the petition it was then and there agreed between the plaintiff bank, through its president, and the defendant Alex Dunn, that if the said Dunn and his wife would execute and deliver to the bank said mortgage to better secure the payment of the two notes sued on and, that if, at the due dates of the said notes, they did not pay the said notes no suit would then be instituted on the said two notes, and that the said Dunn and his wife would then convey to the plaintiff bank the property described in said mortgage by a deed of general warranty, and the bank would accept the said deed in full satisfaction and discharge of the two notes in full and that the said mortgage was executed and delivered under those circumstances and with that agreement, then the law is for the defendant and you shall so find.

"But unless you so believe you will find for the plaintiff."

This instruction clearly and fully submitted the defendants' case to the jury; for it was conceded on the trial that they had tendered the deed referred to to the bank before the suit was filed.

The verdict is not against the evidence. The well-settled rule of this court is not to disturb a verdict of a properly instructed jury, unless the verdict is palpably against the evidence. Clearly that is not the case here.

In the motion for a new trial, it was charged that the plaintiff had discovered new evidence of certain witnesses. But no affidavits were filed to sustain this, and there is nothing in the record showing that a new trial should be granted on this ground.

The conclusion reached by the court on the above matters makes it unnecessary to determine whether the parol agreement relied on was valid under the statute of frauds (Ky. Stats., sec. 470) or to vary the terms of the mortgage, and this question is reserved.

Judgment affirmed.