## White et al. v. Crouch.

Oct. 27, 1939.

As Extended on Denial of Rehearing Dec. 15, 1939.

638

Richard J. Colbert and A. A. Bablitz for appellants.

Thomas D. Shumate and Ezart Ashcraft for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellee, Crouch, the plaintiff below, filed his petition in the Estill Circuit Court on August 10, 1937, wherein he alleged that on December 24, 1936, he was

driving his car "on the Harrodsburg Road, a state highway, between Lexington and Wilmore, Kentucky," and that defendants, Mrs. White, Cobb and Powell, negligently and carelessly drove a car belonging to Mrs. White and being operated by Cobb and Powell, her agents, servants and employees, against plaintiff's car, "thereby injuring him and damaging his automobile." It will be noted his petition does not allege in what county the accident happened, nor does it allege the place of residence of any of the defendants.

On the day the action was filed summons were issued to Estill County against Cobb and to Fayette County against Mrs. White and Powell. Cobb was served in Estill County on the day the summons was issued and Mrs. White and Powell were served in Fayette County on August 30, 1937. Cobb made no effort whatever to defend the action, but Mrs. White and Powell on September 2, 1937, filed a demurrer reading as follows:

"Came the defendants, Mrs. A. W. White and Andy Powell and demur specially to the petition herein because of lack of jurisdiction of the court to try the case involved."

The order of the court overruling this demurrer recites:

"The defendants, Mrs. A. W. White and Andy Powell having filed a special demurrer to the petition herein in which they raise the question of the jurisdiction as to the right of Estill Circuit Court to try the above styled case against these particular defendants, etc."

An exception was reserved by Mrs. White and Powell to the order overruling their demurrer and no other pleadings were filed by any of the defendants.

During the February 1938 term an order was entered taking the allegations of the petition as true and a jury was impaneled to assess the damages and it returned a verdict for $3,000 and judgment was entered thereon against all of the defendants. The following May term, Mrs. White and Powell, without entering their appearance for any other purpose, moved the court to set aside the order overruling the special demurrer, the order taking the allegations as confessed, and the judgment on the verdict, on the ground that the court had no jurisdiction over defendants and that all of these

orders were clerical misprisions. Mrs. White and Powell excepted to the order overruling these motions and upon motion duly made in this court were granted an appeal from that order.

An execution was issued upon the judgment and forwarded to Fayette County. A temporary injunction granted by the Fayette Circuit Court against the levying of the execution was dissolved upon a motion made before a judge of this court. Whereupon, appellants superseded the judgment of the Estill Circuit Court. The motion of appellants to have the record in the injunction suit made a part of this record was overruled because the injunction suit never became a record in this court, since the motion to dissolve the temporary injunction was not made in this court but only before one of its judges.

The appellants are seeking a reversal of the judgment because: 1. The Estill Circuit Court did not have jurisdiction of them, therefore, the judgment is void. 2. The special demurrer was treated by all parties and by the court as a motion to quash and should have been sustained as such. 3. The action of the appellee was not commenced in good faith. 4. The petition is not sufficient to sustain the judgment. There are other errors complained of but they question the jurisdiction of the court and we think they may be included in the first and second errors assigned.

This action was brought under Section 74 of the Civil Code of Practice, the pertinent part of which provides, that an action for an injury to the person or property of the plaintiff must be brought in the county in which the defendant resides or in which the injury is done. The petition alleges the accident occurred ''on the Harrodsburg Pike, a state highway, between Lexington and Wilmore, Kentucky.'' Applying the rule that this court takes judicial knowledge of the history and geography of the state, we know this action was not brought in the county where the injury was done. Boreing v. Garrard, 210 Ky. 135, 275 S. W. 374; Chesapeake & Ohio Railway Company v. Coleman Fruit Company, 219 Ky. 794, 294 S. W. 463. There being nothing in the record to show where any of the defendants reside, we are unable to say that this action was not brought in the county of their residence. The fact that summons against appellants were issued to Fayette County and

they were served there, did not authorize the trial court to adjudge they did not reside in Estill County. This is a local action confined to the county where the injury occurred or to the county where the defendants reside. Had appellants resided in Estill County, it was proper to institute the action in that county and then to issue summons against them to any county in the State where they might be found and have them served in that county. Central Trust Company v. Creel, 184 Ky. 114, 211 S. W. 421; Dunn v. Whitley National Bank, 239 Ky. 536, 39 S. W. (2d) 993. Even in a transitory action brought in the county of the defendant's residence summons may be served on the defendant in another county. Sections 78, 79, 80, Civil Code of Practice; Cecil's Trustee v. Robertson & Brothers, 105 S. W. 926, 32 Ky. Law Rep. 357. Should we treat appellants' special demurrer as a motion to quash, we see the court properly overruled it for the reason that nothing in the record shows this action was not brought in the county of the residence of appellants.

To support their contention that their special demurrer was in reality a motion to quash and should be sustained, the appellants put much reliance in Caywood v. Williams, 218 Ky. 282, 291 S. W. 377, and Kennedy v. Lee, 272 Ky. 237, 113 S. W. (2d) 1125. In the Caywood case the action being transitory, Sections 78, 79 and 80 applied. It was instituted in Fleming County and all process were issued and served upon the defendants in Estill County, and in that case the court said [218 Ky. 282, 291 S. W. 378]:

> "Where *all* [our italics] of the process in the suit issues to and is served in other counties, there is no presumption that any of the defendants reside in the county in which the suit is pending."

In the instant case Cobb was served in the county where the suit was brought and there is nothing in the record to show that he was not a resident of that county. In the Kennedy case the accident happened in Allen County; the defendant, Kennedy, was a non-resident and the plaintiff, Lee, resided in Kenton County. Lee brought the action in the county of his residence and obtained service on Kennedy as is provided by Kentucky Statutes, Section 12-1 to Section 12-6. As the summons showed on its face it was issued by the clerk of a court which had no jurisdiction we held the motion to quash

should have been sustained. We cannot see where the Caywood or the Kennedy cases are applicable here.

Treating appellants' pleading as a special demurrer, we are constrained to the conclusion that it did not lie and that the court properly overruled it. The petition does not show the action was brought in a county wherein the appellants did not reside, and being good' on its face, the special demurrer did not challenge the jurisdiction of the court. Section 92 of the Civil Code of Practice defines a special demurrer thus:

"A special demurrer is an objection to a pleading which shows—That the court has no jurisdiction of the defendant or of the subject of the action, etc."

Where the lack of jurisdiction is not shown in the pleading, the objection to the jurisdiction must be reached by a special plea as is required by Section 118 of the Civil Code of Practice. Louisville & Nashville Railroad Company v. Mitchell, 162 Ky. 253, 172 S. W. 527; Louisville & Nashville Railroad Company v. Stewart, 163 Ky. 164, 173 S. W. 757; Thraves v. Bankers' Oil Company, 196 Ky. 362, 244 S. W. 698, 699. The Thraves case is quite similar to the one before us, because there, as here, the petition contained no allegations showing the circuit court lacked jurisdiction and we wrote in that case:

"Where the petition fails to show that the county where the action was brought is not the proper county in which to bring it. a special demurrer will not lie."

If all three of the defendants were residents of Fayette County and none of them were residents of Estill County, as stated' in appellants' brief, then the petition did not show this fact and appellants' remedy was to file a special plea as provided by Section 118 of the Civil Code of Practice, alleging the facts showing the court had no jurisdiction over them. As there is nothing in the record before us to show that this action was not brought in the county of defendants' residence, neither a special demurrer nor a motion to quash would reach the alleged irregularity that the action was brought in the wrong county.

We must disagree with appellants that Crume v. Taylor, 272 Ky. 585, 114 S. W. (2d) 1119; Mergenthaler Linotype Company v. Griffin, 226 Ky. 159, 10 S. W. (2d) 633, and many other cases relied upon by them, are con-

trolling in the case at bar. In the Crume case the defendant, Taylor, pleaded to the jurisdiction of the court as required by Section 118 of the Civil Code of Practice and his plea was sustained. In the Griffin case, the judgment was set aside on due motion as the court held there had been no service of process in that the service on an officer of a foreign corporation, not doing business in the State and which officer was here on private business, was not service on the corporation. It would extend this opinion to great length if we should attempt to discuss all cases cited in appellants' voluminous brief, but it will suffice to say that none of them are in conflict with the conclusion we have reached on the rather peculiar and unusual facts shown in this record.

It is unnecessary to devote much space to appellants' contention that the action was not commenced in good faith. They argue that appellee knew the defendants in the suit he filed were not residents of Estill County and he is in a position analogous to that of the plaintiff in Appleton v. Southern Trust Company, 244 Ky. 453, 51 S. W. (2d) 447.. There is was held that a plaintiff causing a summons to issue against a defendant he knows to be a nonresident is not acting in good faith, therefore, he has not commenced the action by causing summons to issue. The weakness in such an argument is that there is nothing in the record to show the defendants here were not residents of Estill County.

Appellants' position that the petition will not support the verdict is untenable. The petition alleges the defendants carelessly and negligently drove their car against plaintiff's car "thereby injuring him and damaging his automobile, etc." As we understand, the appellants contend that the petition should have averred the nature and extent of plaintiff's injuries and precisely how they were produced. Under Section 90 of the Civil Code of Practice the petition must state facts which constitute a cause of action in favor of the plaintiff against the defendant, and if no defense be made, plaintiff cannot have judgment for any relief not specifically demanded. Plaintiff's petition did state the facts which constituted his cause of action and its prayer asked for specific relief for each item of injury plaintiff alleged he suffered. While the petition did not allege the injuries and damages suffered by the plaintiff were the direct and proximate result of the collision, it did allege that the plaintiff was "thereby injured," which

644

is practically the same as alleging the injuries were the direct and proximate result of the collision. Although the petition did not go into details as to the direct manner and the extent of plaintiff's injuries, it was not necessary for it to do so, especially in the absence of a motion to make the petition more specific. It cannot be said with reason that the petition was not sufficient to support the judgment.

We notice from the record that the attorneys representing appellants on the appeal are not the attorneys who represented them in the circuit court.

Judgment affirmed.