## Hoskins v. Bloomer.

April 22, 1947.

J. S. Forester, Judge.

Parrott & Knuckles for appellant.

James W. Smith, Smith & Shehan and W. J. Stone for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

On January 1, 1946, H. E. Bloomer filed an action against Curtis Hoskins in the Bell Circuit Court to recover damages alleged to have grown out of an automobile collision brought about by Hoskins' negligence on December 24, 1945. Personal service was had on Hoskins on January 5, 1946. He filed no answer and no defense was made. On April 9, 1946, the petition was taken as true and the court ordered that a jury be empaneled on September 1, 1946, to determine the amount of damages to which Bloomer was entitled. A verdict in the sum of $500 was returned and judgment was entered accordingly.

On September 2, 1946, Hoskins filed the present equity action to have the default judgment set aside. He alleged casualty and misfortune in the employment of J. H. Taylor as an attorney, when in fact, unbeknownst to him, Taylor had been disbarred from the practice of law in Kentucky. He charged also that the Bell Circuit Court had no jurisdiction of the action because he (Hoskins) was a resident of Harlan County and the accident occurred in that county. A counterclaim was set up. Bloomer's demurrer to the petition was sustained. Hoskins declined to plead further and his petition was dismissed; hence this appeal.

We will dispose of the jurisdictional question first. In his petition Bloomer charged that the collision occurred through the negligence of Hoskins as he (Bloomer) was driving his car on his side of the highway between Pathfork, Ky., and Insull, Ky., in the direction of Harlan, Kentucky. The petition was ineptly drawn, but the question is: Was it fatally defective? We think not. We will take judicial notice of the towns mentioned. Huber v. Johnson, 174 Ky. 697, 192 S. W. 821. The petition did not set forth the residence of either party, but, since Hoskins failed to answer, there is nothing in the original record to show that the action was not filed in the proper forum, i. e., in the county where the defendant resided or in the county where the injury was sustained. Section 74, Civil Code of Practice. We can not say, therefore, that the petition was fatally defective. See White v. Crouch, 280 Ky. 637, 133 S. W. 2d 753.

We turn now to the question of casualty and misfortune. J. H. Taylor was permanently barred from the practice of law in Kentucky in October, 1945. See In re Taylor, 300 Ky. 448, 189 S. W. 2d 403. We have noted that Hoskins was served with process in the original action on January 5, 1946. In his petition in this action he said that, after he was served with process, he employed Taylor to represent him.; that he believed Taylor was a regular practicing attorney of the Bell County bar; but later (time not specified) he learned Taylor had been disbarred; that Taylor told him he would turn the case over to W. L. Hammond; and that he thought Mr. Hammond was representing him and therefore did not consult him until August 28, 1946, at which time Mr. Hammond informed him he knew nothing of the matter and would not represent him. Is this a good plea of casualty and misfortune? We think not.

The record shows that Hoskins gave little or no personal attention to Bloomer's action. True it is he employed J. H. Taylor to represent him, but he did not take the trouble to find out whether Taylor was a licensed attorney, and further he made no effort to determine what Taylor was doing in the way of representing him. Even after Taylor told him he had turned his case over to Mr. Hammond, it was not until long after the default judgment had been entered (April 9, 1946) that Hoskins contacted Mr. Hammond (August 28, 1946). The exercise of due foresight and diligence was required of Hoskins. The employment of counsel does not excuse a litigant from giving his case personal attention. Carter v. Miller, 264 Ky. 532, 95 S. W. 2d 29. As we have noted, Hoskins employed a person who had been barred from the practice of law in Kentucky, and even after he learned of his mistake he relied on that person's statement to the effect that he had or would turn the case over to Mr. Hammond—a competent and licensed attorney. At no time did Hoskins give proper personal attention to his case.

For the reasons given we think the judgment should be and it is affirmed.