## SUMMERS v. NIPPER.

Court of Appeals of Kentucky.

May 25, 1951.

D. B. Wooton, Hazard, for appellant.

Ren F. Nickell, West Liberty, for appellee.

CAMMACK, Chief Justice.

James B. Summers filed this action for a new trial under subsection 7 of Section 518, of the Civil Code of Practice. Summers, who was also the plaintiff in the original action, charged that he suffered unavoidable casualty and misfortune because the clerk failed to notify his attorney when his case would be called for trial. The appeal is from a judgment dismissing the petition after a demurrer had been sustained thereto and Summers had declined to plead further.

Complaint is made of the following order: "By agreement of the parties the following cases were ordered set down for trial on the following days of the present term, to-wit: James B. Summers, Vs. Holly Nipper, 8th Day."

It is contended that the order was erroneously designated as an agreed order, and that it was meaningless as to the date the case was set for trial. There was no charge that the order had been entered fraudulently. The order shows clearly that the case was set down for the eighth day of the term. That was the date on which the case was tried.

It was charged also that the clerk had promised to advise Summers or his attorney the date the case was set for trial, and that he failed to do so. As pointed out in the case of Carter v. Miller, 264 Ky. 532, 95 S.W.2d 29, a casualty or mis-

fortune sufficient to authorize the granting of a new trial must be unavoidable. Actually, Summers and his attorney made the clerk their agent, insofar as the notice of the day the case was set for trial was concerned. A similar situation was discussed in the case of Flanary's Adm'x v. Griffin, Ky., 239 S.W.2d 248.

Judgment affirmed.