Bessie T. MORRIS, Petitioner,

v.

Agnes THOMAS, Respondent.

Court of Appeals of Kentucky.

Dec. 3, 1954.

Rehearing Denied March 4, 1955.

Bessie T. Morris, Louisville, for petitioner.

D. L. Frederick, Louisville, for respondent.

MONTGOMERY, Justice.

Bessie T. Morris has filed a petition for a writ of coram nobis seeking to have this Court recall its mandate and judgment in the case of Morris v. Thomas, Ky., 240 S.W.2d 99, and grant a new trial on the grounds of an "error in facts" and newly discovered evidence.

In the case of Morris v. Thomas, 310 Ky. 501, 220 S.W.2d 958, this Court affirmed the Chancellor's finding for Thomas. Bessie T. Morris then filed suit under Section 518 of the Civil Code of Practice to have the judgment set aside on the grounds of newly discovered evidence. The Chancellor sustained a demurrer to the petition and dismissed the petition. This judgment was appealed to this Court, and the judgment of dismissal was affirmed in Morris v. Thomas, Ky., 240 S.W.2d 99.

The question to be determined is: Will a writ of coram nobis lie in a civil action under the present rules of this Court?

The writ of coram nobis is a common law writ primarily used in civil cases and seldom used in criminal cases for the purpose of calling to the court's attention an error in facts. Although the writ was rarely used in criminal cases, it is considered by courts and writers to be an appropriate remedy in criminal prosecutions as well as in civil actions. Sanders v. State, 85 Ind. 318, 44 Am.Rep. 29. This case and the citations therein were approved by this Court in Jones v. Commonwealth, 269 Ky. 772, 108 S.W.2d 812.

The text writers agree that the writ of coram nobis exists unless superseded or abolished by statute. Sanders v. State, supra.

In the case of Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48, this Court wrote an extended opinion on the writ of coram nobis, and it was pointed out that the legislature had made provision for the granting of a new trial of a civil action after final judgment and affirmance by the Court of Appeals by enacting Section 518 of the Civil Code of Practice. In the adoption of the new Civil Rules of Practice, Section 518 was brought forward in CR 60.02. This rule in part provides:

> "Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

The writ of coram nobis in civil cases only has been abolished and the remedy is now provided by CR 60.02. The petitioner, having once sought relief on the same ground under Section 518 of the Civil Code of Practice, has exhausted her remedy.

Writ denied.