Harry B. KINNAIRD et al., Appellants,

v.

Paul HARVEY, Appellee,

and

Harry B. KINNAIRD, Appellant,

v.

George J. YARBER et al., Appellees,

and

Harry B. KINNAIRD, Appellant,

v.

Paul HARVEY et al., Appellees.

Court of Appeals of Kentucky.

May 25, 1956.

Clay & Edwards, Thomas M. Edwards, Jr., Mt. Sterling, Roger Byron, Owingsville, for appellants.

Lewis A. White, Mt. Sterling, for appellees.

MONTGOMERY, Judge.

Harry B. Kinnaird filed an action against George J. Yarber and Paul Harvey in the Bath Circuit Court to recover damages alleged to have arisen from an automobile collision brought about by defendants' negligence on July 16, 1950. Personal service was had on the defendants on September 8, 1950. Harvey was present in the Bath Circuit Court at the October 1950 term on the day Yarber's attorney obtained a continuance for Yarber because of his anticipated absence in military service. At the February 1951 term of court, Yarber was granted another continuance. At the May 1951 term, the action was again continued as to Yarber, but the petition was taken as confessed as to Harvey. A jury was impaneled to determine the amount of damages to which Kinnaird was entitled. A verdict in his favor in the sum of $12,702 was returned and judgment was entered accordingly.

On December 13, 1954, Harvey filed an action to have the default judgment set aside, under Civil Code of Practice, Section 518(7), which was:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it— * * * For unavoidable casualty or misfortune, preventing the party from appearing or defending."

The right to proceed under the Civil Code of Practice was not questioned.

The alleged casualty or misfortune was that when his codefendant, Yarber, was granted a continuance at the October 1950 term of court, he, Harvey, understood that the continuance applied to his case and that the case could not be tried against him alone. He further claimed that he had arranged with Yarber's father to be notified of Yarber's return so that he might be present in court and defend the action. This action was submitted on Harvey's motion for a summary judgment, supported by affidavits. Kinnaird filed counteraffidavits. The judgment was entered setting aside the original judgment of May 1951 against Harvey and granting him leave to file defensive pleadings in the negligence suit. Kinnaird appeals, urging that under the facts the court abused its discretion in granting the new trial. Appeals also were taken in two related cases.

The question is whether Paul Harvey was prevented from appearing and defending the negligence action against him by an "unavoidable casualty or misfortune", under Civil Code of Practice, Section 518(7), so as to entitle him to a new trial on the merits.

On the same day following the first continuance of the case as to Yarber, Harvey talked with Yarber's attorney about representing him in the matter. The attorney at that time declined to represent Harvey because of the possible conflict in interests of the two, but later accepted employment and brought the action for a new trial.

Harvey said that the first he knew of any default judgment was when the sheriff sought to levy an execution on December 11, 1954. He is contradicted in this by appellant, who said that he advised Harvey in July 1952 of the judgment. This statement of appellant is not denied unless Harvey did so on cross-examination be-

fore the Chancellor, which testimony is not in the record.

■ The unavoidable casualty or misfortune that will authorize the vacating or setting aside of a judgment must be such as could not have been avoided by the exercise of reasonable skill and diligence. Noe v. Davis, 171 Ky. 482, 188 S.W. 457; Byron v. Evans, 263 Ky. 49, 91 S.W.2d 548; Mason v. Lacy, 274 Ky. 21, 117 S.W.2d 1026; Louisville Joint Stock Land Bank v. McMurry, 278 Ky. 238, 128 S.W.2d 596.

■ Harvey gave little or no personal attention to the action entered against him. He filed no answer or responsive pleading to the petition seeking damages in the amount of $13,300. Other than the discussion had with his codefendant's attorney, Harvey is not shown to have ever consulted an attorney about this lawsuit until execution was levied over four years later. He explained his failure to employ counsel by saying that he did not think he was liable and that he could "explain my own case". He did not trouble himself at any time to learn the status of the case on the docket. If he had exercised proper diligence on the day the case was first called, he would have discovered the true facts and would not have made a mistaken assumption about the continuance. His conduct and attitude indicated that he was almost wholly indifferent to the matter. This is confirmed by his failure to investigate the default judgment after appellant informed him of it. One is required to give personal attention to the defense of a case. Indifference or neglect in defending one's case does not constitute unavoidable casualty or misfortune. This is true even though counsel may have been employed. Douthitt v. Guardian Life Insurance Co. of America, 235 Ky. 328, 31 S.W.2d 377; Hoskins v. Bloomer, 304 Ky. 543, 201 S.W.2d 716.

■ It is no excuse that Harvey relied upon Yarber and Yarber's father to notify him of the time of trial. He was advised the day the case was first called that his interest in the matter was in conflict with the interest of Yarber. In the answer and counterclaim filed by Yarber, it is al-leged that the injuries and damages suffered by appellant were caused by the negligence of Harvey. His reliance on a codefendant whose interest was antagonistic was indicative of his indifference. The failure of one relied on to advise the trial date of a case, especially under the circumstances of this case, is not sufficient to constitute the casualty or misfortune required to set aside a default judgment. Fuson v. Fuson, 280 Ky. 91, 132 S.W.2d 508; Saint Paul-Mercury Indemnity Co. v. Robertson, 313 Ky. 239, 230 S.W.2d 436; Summers v. Nipper, Ky., 240 S.W.2d 74.

We reluctantly hold that the trial court abused its discretion. Noe v. O'Neil, 314 Ky. 641, 236 S.W.2d 893. Such action is consonant with CR 60.02, which supplants Civil Code of Practice, Section 518 and places a one-year limitation on an action brought under a similar pertinent subsection.

The judgments in the three cases are reversed, with directions to reinstate the default judgment based on the jury verdict in the first action and for appropriate orders in the other two cases.