RENDERED: OCTOBER 9, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-0259-MR

CORI GREULICH, AS EXECUTRIX OF THE
ESTATE OF DENNIS G. FEHRENBACHER                     APPELLANT


APPEAL FROM LIVINGSTON CIRCUIT COURT
v.        HONORABLE C. A. WOODALL III, JUDGE
ACTION NO. 16-CI-00041


JOVITA GAYLE FEHRENBACHER                              APPELLEE


OPINION
REVERSING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

ACREE, JUDGE: Cori Greulich, in her capacity as executrix of her father's estate,

appeals an order entered by the Livingston Circuit Court on November 20, 2017.

That order granted Jovita Fehrenbacher's CR[1] 60.02 motion to continue her

---

[1] Kentucky Rules of Civil Procedure.

awarded spousal support, despite the death of the obligor, her ex-husband. Because the order is unsupported by sound legal principles, we reverse.

## BACKGROUND

On April 20, 2016, after fourteen years of marriage, Jovita filed a petition for dissolution of her marriage to Dennis Fehrenbacher. Seven months later, the circuit court conducted a bench trial to determine property distribution and maintenance. On January 12, 2017, the court entered findings of fact, conclusions of law, and a decree.

Jovita was sixty-one years old and, although she was not disabled or prevented from working, she had no source of current income. She would be eligible, however, for Social Security retirement benefits in five years. Dennis had retired after a career as a successful businessman. He was sixty-eight years old. Considering these and other factors, the circuit court ordered Dennis to pay Jovita $2,500 a month in maintenance for five years. The decree did not expressly provide, nor did the parties agree, that Dennis's obligation to pay future maintenance would continue notwithstanding Dennis's death.

Sadly, three months later, on March 24, 2017, Dennis committed suicide. Cori, his daughter, was appointed executrix of his estate which was not

-2-

inconsequential.  Dennis' death prompted Jovita to file a CR 60.02 motion,[2] claiming "the actions of [Dennis] serve as an act of fraud or fraudulent concealment upon both [her] and the Court."  She also argued that Dennis intentionally "concealed his plans [to commit suicide] to frustrate the Court's Order and [Jovita's] receipt of continued maintenance."

After a hearing, the circuit court found this was an extraordinary reason to grant relief pursuant to CR 60.02(f) and entered an order effectively amending the decree to extend Dennis's maintenance obligation beyond his death. The circuit court accepted the blame for shortsightedness saying the court itself "did not anticipate his death under any circumstances.  The Court did intend for [Jovita] to receive maintenance for a period of sixty (60) months but neglected to deal with the situation of [Dennis's] death prior to that time."  (Record (R.) at 451). Cori, as executrix of Dennis's estate, filed a motion to alter, amend, or vacate the order granting Jovita's CR 60.02 motion, but her motion was denied.  This appeal followed.

## STANDARD OF REVIEW

The decision to grant or deny a motion under CR 60.02 rests within the circuit court's sound discretion.  Accordingly, we apply an abuse of discretion

---

[2] The motion sought relief pursuant to subparts (a), (b), (c), and (f) of CR 60.02.  Because the circuit court granted relief based on CR 60.02(f) only, that subpart is the focus of our review.

standard of review to a circuit court's rulings on CR 60.02 motions. The test for abuse of discretion is "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Copas v. Copas*, 359 S.W.3d 471, 475 (Ky. App. 2012) (citations omitted).

## ANALYSIS

Cori argues the circuit court erred by granting Jovita's CR 60.02 motion, extending Dennis' maintenance obligation past his death. We agree.

The grounds upon which authority is granted to a circuit court to "relieve a party or his legal representative from its final judgment" or decree are limited. CR 60.02. The ground at issue in this case is stated in CR 60.02(f) as "any other reason of an extraordinary nature justifying relief." Although this language seems to sweep broadly, it is narrowly interpreted.

Generally, CR 60.02 stands in the place of the ancient writ of *coram nobis*.[3] Our Supreme Court recently discussed subpart (f), and its relation to the ancient doctrine, as follows:

> Relief given pursuant to CR 60.02(f) is rarely provided because it is truly extraordinary. *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996). CR 60.02(f) is the codification of the ancient *coram nobis* writ, which justifies relief when the "[enforcement of] the judgment as rendered would be an absolute denial of

---

[3] The Kentucky General Assembly first codified the writ of *coram nobis* "by enacting Section 518 of the Civil Code of Practice. In the adoption of the new Civil Rules of Practice, Section 518 was brought forward in CR 60.02." *Morris v. Thomas*, 275 S.W.2d 423, 423-24 (Ky. 1954).

-4-

justice and analogous to the taking of life or property without due process of law." *Id.* at 361-62 (citing *Jones v. Commonwealth*, 269 Ky. 779, 108 S.W.2d 816, 817 (1937)).

*Pate v. Dep't of Corr.*, 466 S.W.3d 480, 491 (Ky. 2015). To be clear, CR 60.02(f) "does not extend the scope of the remedy of *coram nobis* nor add additional grounds of relief." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

The burden falls on the CR 60.02(f) movant to "affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). To justify relief, the movant must specifically present facts which render the "original trial tantamount to none at all[.]" *Brown*, 932 S.W.2d at 361.

Here, Jovita claimed that, by committing suicide, her ex-spouse committed "fraud or fraudulent concealment upon both [Jovita] and the [c]ourt." (R. at 393). She opined that Dennis "concealed his plans to frustrate the Court's Order and [Jovita's] receipt of continued maintenance." (*Id.*). She asserted his suicide "constitute[d] mistake, inadvertence, surprise and newly discovered evidence which by due diligence could have been discovered in time and fraud affecting the proceedings."[4] (*Id.*). She also argued Dennis's death was a "reason

---

[4] *See* footnote 2, *supra.*

of extraordinary nature justifying relief." (R. at 394). However, Jovita supported none of her surmises with any evidence. "[M]ere speculation or conjecture" cannot be the basis of CR 60.02(f) relief. *Foley v. Commonwealth*, 425 S.W.3d 880, 887-88 (Ky. 2014).

The difficulty in this case is that the circuit court did not employ 60.02(f) just to provide relief from the decree, but to provide relief from a statute that says, "Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance." KRS[5] 403.250(2).

As this Court stated in *Clark v. Clark*, "[t]he death of the obligor is a statutory contingency the occurrence of which terminates the obligation to pay future maintenance unless the decree expressly provides that the occurrence of said contingency does not terminate the obligation." 601 S.W.2d 614, 615-16 (Ky. App. 1980). Judicial decisions following *Clark* have strictly adhered to the principle stated in that case. *See Weldon v. Weldon*, 957 S.W.2d 283, 286 (Ky. App. 1997) ("Because the decree does not explicitly state that the maintenance obligation continues beyond Ed's death, it will terminate at his death pursuant to KRS 403.250(2)."); *Messer v. Messer*, 134 S.W.3d 570, 573 (Ky. 2004) (absent a specific statement in the written agreement or decree that maintenance will not

---

[5] Kentucky Revised Statutes.

terminate upon death of obligor, maintenance is then terminated).  In *Messer*, the Supreme Court emphasized the statutory imperative by stating that "the intent to require maintenance to continue after the death of either party or the remarriage of the obligee will not be implied but must be expressly stated."  134 S.W.3d at 572.

The circuit court tried to distinguish *Clark* itself by noting years passed before Clark died, but only three months had passed when Dennis died. This has no material impact on the analysis.  The false distinction was contrived to avoid the consequence of an oversight.  The court, for reasons known only to itself, took the blame for that oversight, stating, "*This Court* did not anticipate [Dennis's] death under any circumstances."  (R. at 451 (emphasis added)).  But Dennis was sixty-eight years old at the time of the decree.  Although death is a distant rumor to the young,[6] it is something mature adults anticipate and for which they plan.  This failure to plan was not the fault of the circuit court.  And even if it had been, "CR 60.02 is unavailable to correct judicial errors and is unavailable to correct an error that due diligence would have permitted to have been raised on direct appeal." *Winstead v. Commonwealth*, 327 S.W.3d 479, 489 (Ky. 2010).

If the decision not to reject the operation of KRS 403.250(2) was unnegotiated and merely inadvertent, the error was attributable to the parties and

---

[6] Attributed to Andy Rooney, from "A Few Words from Andy Rooney:  A Face of America Commentary" by Tony Mussari (© 2011 Mussari-Loftus Associates, LTD; The Face of America Project) (www.faceofamericawps.com).

their counsel. Claimed errors that are attributable to the parties' lack of due diligence, or that of their counsel, do not constitute a reason of an extraordinary nature. A reason of an extraordinary nature that would "authorize the vacating or setting aside of a judgment *must be such as could not have been avoided by the exercise of reasonable skill and diligence.*" *Kinnaird v. Harvey*, 291 S.W.2d 11, 13 (Ky. 1956) (emphasis added; decided under predecessor of CR 60.02, Civ.Code Prac. § 518, subd. 7); *see also Hinshaw v. Hinshaw*, 216 S.W.3d 653, 656 (Ky. App. 2006) (CR 60.02(f) relief denied where, "during the original dissolution proceedings . . . [divorcing spouse] and his attorneys had opportunities" to avoid circumstance alleged to be extraordinary).

It is clear to this reviewing Court that the circuit court's grant of CR 60.02 relief was unsupported by sound legal principles.

## **CONCLUSION**

Based on the foregoing reasons, we reverse the Livingston Circuit Court's November 20, 2017 order.

CLAYTON, CHIEF JUDGE, CONCURS.

LAMBERT, JUDGE, DISSENTS AND DOES NOT FILE A SEPARATE OPINION.

BRIEFS FOR APPELLANT:    BRIEF FOR APPELLEE:

Allison Russell            Edwin Jones
Louisville, Kentucky       Paducah, Kentucky