Dyas vs. Lindsey.

CASE 40—PETITION ORDINARY—JULY 7.

# Dyas vs. Lindsey.

APPEAL FROM GRANT CIRCUIT COURT.

1. *Service of process in another county.*—The defendant was sued in Grant and served with process in Harrison county. Evidence that he lived in Grant when the action was commenced, and still lived there, did not authorize a judgment against him by default in Grant county; but if he had removed from Grant county after the commencement of the action, the judgment would have been authorized by evidence of that fact. ( *Civil Code*, secs. 106, 107, 108, 110.)

2. *Two defendants served out of the county.*—As neither had been served in the county in which the action was brought, and neither had removed from that county after its commencement, a judgment against either by default would be unauthorized, unless he appeared and failed to object to the insufficiency of the service.

E. H. SMITH,                              For Appellant,

CITED—

*Civil Code*, secs. 107, 110.

16 *B. Mon.*, 350; *Raymond vs. Reed.*

8 *Ohio State R.*, 215.

2 *Met.*, 148–9.

4 *Bush*, 349; *Dyas vs. Lindsey.*

JOHN L. SCOTT,                            For Appellee,

CITED—

*Civil Code*, sec. 107.

2 *Bush*, 556; *Rankin vs. Turney.*

2 *Met.*, 146; *Chiles vs. Drake.*

5 *Bush; Beard vs. Jolly.*

Dyas vs. Lindsey.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Dyas lived in Grant and was served with process in Harrison county. The judgment was rendered in Grant county by default, on evidence that he lived in the latter county when the suit was brought, and still lived there.

By section 106, Civil Code, " every other action (than the previously named ones) may be brought in any county in which the defendant, or one of several defendants, resides or is summoned."

By section 107, " where any action, embraced in the last section, is against a single defendant, the plaintiff shall not be entitled to judgment against him, on the service of summons in any other county than that in which the action is brought, unless he resided in that county at the commencement of the action, or unless, having appeared therein, he fails to object, before the trial, to its proceeding against him."

By section 108, " where any action is embraced in section 106, is against several defendants, the plaintiff shall not be entitled to judgment against any of them, on the service of summons in any other county than that in which the action is brought, where no one defendant is summoned in that county," &c.

By section 110, "if, after the commencement of the action in the county of the defendant's residence, he removes therefrom, the service of summons upon him in any other county shall have the same effect as if it had been made in the county from which he removed."

When all these sections are properly analyzed, they mean that the action must be brought in the county where the defendant, or some one of the defendants, resided or is summoned; and the process must be served on the defendant, or some one of the defendants, in the county where action is brought, unless he has removed

therefrom after the action was begun, or unless he has appeared and failed to object, by reason thereof. So that, notwithstanding there was in this suit another defendant, who resided and was served with process in Harrison county, yet as neither defendant was summoned with process in Grant county, and neither had removed from said county after the action was commenced, the service of process in Harrison county did not authorize a judgment by default in Grant county.

Wherefore, the judgment is reversed, with directions for service of process in the county where the action may be pending, unless the defendant shall have, since its commencement, removed therefrom.