## Caywood v. Williams, et al.

(Decided February 15, 1927.)

## Appeal from Fleming Circuit Court.

1. Venue—Venue Statutes are Strictly Construed in Favor of Defendants, Not Residents of County in which Suit is Brought (Civil Code of Practice, Sections 79, 80, 82).—Civil Code of Practice, sections 79, 80 and 82, relating to right of defendant to be sued in county of his residence, are strictly construed in favor of defendants, who are not residents of county in which suit is brought.

2. Process—Where Process Issues to and is Served in Counties Other Than Where Suit is Brought, There is no Presumption that Defendants Reside in Such County.—Where all the process in suit issues to and is served in counties other than that where suit is brought, there is no presumption that any of defendants reside in the county in which suit is pending, and court should ascertain whether special cause exists authorizing judgment against such defendants before making any order in case.

3. Process—Motion to Quash Service of Summons Held Proper, Where Process Showed that it was Served Out of County, but no Special Cause Therefor.—Where process on its face showed that it was not served in county in which suit was brought, but failed to show a special cause for such service, held, defendants properly raised question of court's jurisdiction by motion to quash service of summons, rather than by special demurrer, or answer in nature of plea to jurisdiction.

4. Abatement and Revival—Special Demurrer is Appropriate Remedy, Where Petition Shows Lack of Jurisdiction.—If petition shows lack of jurisdiction on its face, special demurrer is defendant's appropriate remedy.

5. Abatement and Revival—If Jurisdiction Indicated by Pleading Does Not Exist, Question Should be Raised by Answer.—If pleadings indicate jurisdiction, which does not in fact exist, question should be raised by answer in nature of plea to jurisdiction.

6. Abatement and Revival—Motion to Quash is Proper, Where Lack of Jurisdiction Arises from Ministerial Act in Progress of Action.—If lack of jurisdiction arises from a ministerial act in the progress of the action appearing from the record, motion to quash is appropriate remedy.

7. Process—Court Held Without Jurisdiction of Suit Against Directors of Bankrupt Corporation Served Out of County, Notwithstanding Amended Petition Seeking to Make Corporation Defendant.—In suit against directors of bankrupt corporation, where process was served on defendants out of county, and where no summons was issued on amended petition making the corporation a party defendant, held, court acquired no jurisdiction over defendant

directors, though it be assumed that contracts involved were made with corporation in county where suit was brought.

B. S. GRANNIS, J. D. PUMPHREY, PAUL HEFLIN and J. A. EDGE for appellant.

O. R. BRIGHT, HUGH RIDDELL and HUNTER M. SHUMATE for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

On the 25th day of March, 1920, Lucy B. Caywood filed suit in the Fleming circuit court against Wiliam P. Williams, Edward M. Henshaw, Thaddeus S. Rice, William Eyl and Huston M. Shumate, as directors of the W. P. Williams Oil Corporation, alleging that the corporation was totally insolvent and had been adjudged a bankrupt; that prior to such adjudication said defendants as directors of that company, had published false statements in regard to its business and financial condition, these being set out in detail; that relying on such false statements she was induced to and did purchase one thousand shares of worthless stock in that company for $1,750.00 Other allegations of mismanagement upon the part of the directors was alleged and a recovery prayed for the sum of $1,750.00, the amount paid on her stock purchase. None of the defendants resided in Fleming county and summons issued to other counties for them.

Process was served upon W. P. Williams and Huston M. Shumate in Estill county, the county of their residence. On the 19th of May, 1920, these parties made the following motion in the case: "Defendants, W. P. Williams and Huston M. Shumate, without entering their appearance to this action, but expressly denying the jurisdiction of the court and objecting thereto, move the court to quash return on the summons herein executed on them."

Pending the motion plaintiff was permitted to and did file an amended petition making the W. P. Williams Oil Corporation a party defendant, and thereupon the court overruled the defendants' motion to quash the return on summons. It seems that the oil corporation was also a resident of Estill county, but no summons was ever issued or asked against it. The case was continued on the docket until the January term, 1926, at which time the parties announced ready and a jury was impaneled

and evidence heard. At the conclusion of the evidence the court reconsidered its former ruling on the motion to quash and sustained same and dismissed the petition for want of jurisdiction. Plaintiff appeals.

Section 79 of the Civil Code forbids judgment against a single defendant "unless he be summoned in the county wherein the action is brought; or unless he reside in such county when the action is brought and be summoned elsewhere in this state; or unless he makes a defense to the action before objecting to the jurisdiction of the court."

Section 80 contains similar provisions as to several defendants, all of whom reside out of the county. Section 82 makes an exception as against a person who resides in the county at the time of the commencement of the action and later removes to another county. These code provisions are construed strictly in favor of defendants who are not residents of the county in which the action is brought; and where all of the process in the suit issues to and is served in other counties, there is no presumption that any of the defendants reside in the county in which the suit is pending; and it would seem to be proper practice for the court to ascertain whether any special cause exists authorizing judgment against such defendants served out of the county before making any orders in the case, unless they voluntarily appear and defend without objection. Ruby v. Grace, 2 Duv. 540; Dyaz v. Lindsey, 67 Ky. 350; Ransdell v. Shropshire, 61 Ky. 327; Dyaz v. Lindsey, 68 Ky. 506; Newman's Pleading and Practice, sec. 51.

In Dyaz v. Lindsey, *supra,* it was said:

"The defendant, knowing either that he did not live in such county when the action was begun or has not removed from it and is not concealing himself from service of process need not respond to such service, but may regard it as totally insufficient to authorize a judgment against him and pay no attention thereto. If any of the special causes exist authorizing such judgment these should be manifested, else the court should refuse to pronounce judgment. To compel his attendance for the purpose of objecting would be to expose him to the unnecessary trouble and expense of a litigation in a distant county, and reinstate the evils intended to be remedied by these provisions of the code."

In this case the parties did appear and object, and thus left the burden upon the plaintiff to show the existence of some of the special causes authorizing a judgment upon such service. This she failed to do. Plaintiff, however, insists that, as the circuit court is a court of general jurisdiction, the objection to its jurisdiction must be raised by special demurrer or by an answer in the nature of a plea to the jurisdiction and cites as authority Pinnacle Motor Co. v. Simpson, 216 Ky. 185; Gainesboro Tel. Co. v. Buckner, 169 S. W. 1000; Lou. Home Tel.Co . v. Beeler, Admx., 125 Ky. 366; L. & N. v. Stewart, 163 Ky. 164.

It will be observed that the jurisdictional defect in the cases cited involved a question of pleading and not a ministerial act. Obviously if the petition shows lack of jurisdiction on its face it should be reached by special demurrer. If the jurisdiction does not exist, and the pleading indicates otherwise, the question should be raised by answer. But if lack of jurisdiction arises from a ministerial act in the progress of the action appearing in the record, it is equally clear that the motion to quash is proper. Here the process on its face showed that it was served out of the county and failed to show a special cause for such service. It was eminently proper for defendants to move for the service of process to be quashed, and, as we have seen, the burden was upon the plaintiff to establish the existence of a special cause for such service; and until this was done the defendants were not required to support their motion by affidavit. It follows that the court did not err in sustaining the motion to quash.

2nd. If it be assumed that the contract upon which suit was brought was made in Fleming county and therefore the venue of the suit against the W. P. Williams Oil Corporation was properly laid in that county, it will yet be observed that no summons issued on the amended petition seeking to make that corporation a party defendant, consequently no action was commenced as against it and it cannot be said to have been a party in the pending action. Casey v. Newport Rolling Mill Co., 156 Ky. 623. Such being the case the court did not thereby acquire jurisdiction of the other defendants. It follows that the case was properly dismissed for lack of jurisdiction.

Wherefore, the judgment is affirmed.