## ·Williams v. Sanders.

Dec. 15, 1942.

Chenault & Shackelford and S. D. Parrish for appellant.

E. C. McDougle for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In February, 1938, appellee, J. L. Sanders, became surety on a replevin bond for appellant in the sum of $475, plus costs, etc. Appellant failed to pay the bond and on May 28, 1938, appellee paid the bond, costs and inter-

est, amounting to $524.57. In November, 1940, appellee brought this action in the Madison circuit court against appellant to recover of him the sum or amount stated above. The petition further set out allegations for a general order of attachment which was issued and levied upon certain property of appellant located in the city of Richmond, Madison County, Kentucky. At the time of the filing of the action a summons was issued to Fayette County, Kentucky, and later another summons was issued to Breathitt County, Kentucky, which was executed upon appellant by the sheriff of that county on December 4, 1940. No summons was issued to Madison county.

On the first day of the February term of the Madison circuit court (February 3, 1941), appellant, by his counsel, filed motion to quash the summons and the sheriff's return thereon executed upon him by the sheriff of Breathitt county. That motion reads:

"Comes the defendant, R. A. Williams, by counsel, and appearing specially, and moves the Court to quash the summons issued herein against him and the sheriff's return thereon."

On the 5th day of February appellant filed his amended motion stating that the summons referred to was issued from the office of the clerk of Madison county and directed to the sheriff of Breathitt county "where defendant resides," and that said summons was executed on defendant by the sheriff of Breathitt county and returned to the Madison circuit court and, that neither the sheriff's service of the summons on defendant nor return thereon is sufficient to give the Madison circuit court jurisdiction of the person of the defendant. The court overruled the motion as amended, to which ruling appellant objected and excepted. At a later date appellant moved the court to set aside the order overruling his motion to quash the summons and the sheriff's return thereon and to grant him a rehearing on said motion. Before the court made any ruling on the motion appellant filed his second "amended motion" to quash the summons and the sheriff's return thereon, in this language:

"Comes now the defendant, R. A. Williams, by counsel, and in pursuance of and obedience to the oral ruling of the Court so to do, amends his motion to quash and his motion that the order overruling his

said motion to quash the summons and the sheriff's return thereon, be set aside and he be granted a rehearing on his said original motion to quash said summons and said return, and for said amendment states that the venue of this action and this Court's jurisdiction of the person of this defendant in this action are controlled and determined by the provisions of sections Nos. 78 and 79 of the Kentucky Civil Code of Practice, in that this action is a transitory action and the defendant was not served with process or summoned in Madison County, the county in which this action was filed and is pending, nor was defendant a resident of Madsion County when this action was brought; that at the time of the institution of this action, and for more than two years prior thereto, this defendant was and had been a citizen and resident of Breathitt County, Kentucky, the county in which defendant was served with process and summons in this action, and defendant files herewith as part hereof, as fully as if copied at length herein, his affidavit, duly and properly executed by him on March 3rd, 1941, before Floyd Russell, a notary public in and for Breathitt County, Kentucky, wherein it is stated that the defendant is a citizen and legal resident of Breathitt County, Kentucky, and has been for a period of two and one-half years and since August, 1938, and that since that time his home and legal residence has been in Jackson, Breathitt County, Kentucky, and, at no time since said date has he lived or resided in Richmond, or in Madison County, Kentucky, or at any place other than in Jackson, Breathitt County, Kentucky. This defendant, in further support of said motion, states that the plaintiff, previous to the institution of this action, had not secured or been awarded a judgment against him, the defendant, in any court in Madison County, and that no execution had or has issued from any court in Madison County, nor from this Court, and been returned no property found.

"This defendant states that this action is not required by sections Nos. 62 to 77, inclusive, of the Kentucky Civil Code of Practice, to be brought in Madison County; that the lien of the attachment sued out in this action and levied upon his real estate as

described in the petition, is not such a lien or other incumbrance or charge on real estate as will give this Court jurisdiction of this action or jurisdiction of this defendant in this action; that this is not an action for the recovery of a fine or forfeiture, as contemplated by section 68[63] of the Code of Practice, nor was this defendant constructively summoned so as to thereby vest this Court with jurisdiction of this action and of this defendant in this action.

"Wherefore this defendant prays as in his original motion and for all other and proper relief, legal and equitable, to which he may appear entitled in the premises."

The affidavit mentioned in the motion is filed with the record, and states in substance the facts set out in the motion in reference to the residence of appellant. The court again overruled the motion as amended, to which no objections were made or exceptions taken at that time. Appellant then moved the court for an extension of time in which to plead further, which the court granted, and within that time and without waiving his motion to quash the summons and the return thereon, appellant moved the court to amend the order overruling his motion to quash the summons and the sheriff's return thereon and to grant to him his objections and exceptions to that order which he failed to take at the time to discharge the attachment and set aside the levy thereof upon his property; and to transfer the cause to the ordinary docket. On the same day, but without waiving his motion to quash, appellant filed his answer pleading to the merits of the case and shortly thereafter he filed an amended answer. The court overruled the motion to amend the ruling on the previous order by allowing and granting to appellant his objections and exceptions to setting aside the order, and also overruled the motion to discharge the attachment and to transfer the case to the ordinary docket, to all of which appellant excepted. Appellant then withdrew his answer and amended answer and his motion to transfer the case to the ordinary docket, which the court sustained, and said motion and answer and amended answer were stricken from the record. Appellant failing and refusing to plead further, the court entered judgment in favor of appellee for the sum sued for and sustained the order of attachment and ordered sold the real estate upon which the attach-

ment was levied, in satisfaction of the judgment. This appeal follows.

Very clearly this action is a transitory one and the venue thereof is controlled by sections 78 and 79 of the Civil Code of Practice, which read:

"Section 78. Transitory actions. An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned.

"Section 79. Against single defendant; judgment. In action brought pursuant to section 78, against a single defendant, there shall be no judgment against him, unless he be summoned in the county wherein the action is brought; or, unless he reside in such county when the action is brought and be summoned elsewhere in this State; or, unless he make defense to the action before objecting to the jurisdiction of the court."

Appellee insists that appellant was before the court by service of the summons by the sheriff of Breathitt county, he being a legal voter in Madison county, his residence was in that county and service could be had in another county, citing sections 92 and 118 of the Civil Code of Practice. It is stated in brief of appellee that a search of the records in Madison and Breathitt counties disclosed that appellant was a registered voter in Madison county but was not a registered voter in Breathitt county. This appears only in brief of counsel but is not shown officially in the record. But conceding that to be true, the fact that appellant's name had not been stricken from the registration in Madison county is not conclusive that he was still a citizen or resident of that county, nor is the fact that he had not registered to vote in Breathitt county conclusive that he was not a resident of that county. Furthermore, appellant pleaded in his "amended motion," which contains all the form and substance of a plea to the jurisdiction of the court, and we treat it as such, that at the time of the service of the summons on him in Breathitt county he was, and had been for two and one-half years previous thereto, a citizen and resident of that county. His plea was support-

ed by his affidavit which was undenied by any plea, counter-affidavit, or otherwise. In Caywood v. Williams, et al., 218 Ky. 282, 291, S. W. 377, 378, speaking with reference to the provisions of sections 79 to 82 of the Civil Code of Practice, it is said:

"* * * These Code provisions are construed strictly in favor of defendants who are not residents of the county in which the action is brought; and where all of the process in the suit issues to and is served in other counties, there is no presumption that any of the defendants reside in the county in which the suit is pending; and it would seem to be proper practice for the court to ascertain whether any special cause exists authorizing judgment against such defendants served out of the county before making any orders in the case, unless they voluntarily appear and defend without objection. Ruby v. Grace, 2 Duv. 540; Dyas v. Lindsey, [4 Bush. 349], 67 Ky. [349], 351; Randall v. Shropshire, [4 Metc. 327], 61 Ky. 327; Dyas v. Lindsey, 5 Bush. 506, 68 Ky. 506; Newman's Pleading and Practice, Sec. 51.

"* * * Here the process on its face showed that it was served out of the county, and failed to show a special cause for such service. It was eminently proper for defendants to move for the service of process to be quashed, and, as we have seen, the burden was upon the plaintiffs to establish the existence of a special cause for such service, and until this was done the defendants were not required to support their motion by affidavit."

In this condition of the record and for the purpose of this case, appellant must be treated as being a citizen of Breathitt county as set out in his plea and affidavit.

It is next insisted for appellee that the motion to quash the summons and the sheriff's return thereon could not raise the question of venue or jurisdiction, since such questions must be raised by a plea to the jurisdiction of the court; or plea in abatement, as provided in section 118 of the Civil Code of Practice. Since we have concluded that appellant's plea, styled "amended motion," amounts to a plea to the jurisdiction of the court, it results that he did comply with the provisions of Section 118 of the Civil Code of Practice. It is next insisted for appellee that even if appellant was not be-

fore the court by the service of the summons in Breathitt county he entered his appearance to the action by his various motions, etc., viz., to transfer the case to the ordinary docket; to discharge the attachment; and moving for permission to withdraw certain pleadings. This brings us to the crucial question in the case; viz., that since appellant's plea to the jurisdiction of the court had been overruled, may he then plead to the merits of the action without entering his appearance or waiving his plea to the jurisdiction of the court? We think the case of Greene et al. v. Commonwealth, by Marshall, Sheriff of Mason County, 275 Ky. 637, 122 S. W. (2d) 523, 528, is conclusive of the question. It is pointed out in that opinion that there are two lines of authorities on the question, one holding in accordance with the contentions of appellee and the other to the contrary. After reviewing the two lines of authorities, the court said:

> " 'The doctrine does not prevail in this jurisdiction, which holds that, although a defendant objects in every possible way to the court assuming jurisdiction of his person, that when his objections are overruled and he pleads to the merits of the action, or does any act which constitutes a defense upon the merits, that he should be considered as having waived all objections to the jurisdiction, which he made in the first instance. The better rule seems to be, that if the defendant makes objection to the jurisdiction in the first instance, and does not in any way abandon his objection, that when his objections are overruled, and he is compelled to make further defense and does so to the merits of the action, he will not be held to have waived his objection to the jurisdiction.' "

And, it is further said in that opinion:

> " '* * * The principle underlying these decisions seems to be that the defendant, having done all that he could in objecting to the jurisdiction of the trial court over his person, should not be compelled to submit to a judgment by default as the condition of having the jurisdiction of the trial court tested on appeal. His further appearance or other acts in the case are not strictly voluntary, but are in a sense compulsory, and should not be deemed a waiver of his objections.' "

It results, therefore, that appellant did not waive his motion to quash or objections to the court's assuming jurisdiction over his person and that the court should have sustained his plea to the jurisdiction of the court. All other steps taken—motion to transfer to the ordinary docket, to discharge the attachment, and to withdraw the answer—comes within the same category, since they all pertained to the defense to the merits of the case. It follows from what has been said that the court did not have jurisdiction of the person of appellant and should have sustained his plea to the jurisdiction of the court.

Wherefore, the judgment is reversed and remanded for proceedings consistent with this opinion.