## Gover v. Wheeler.

Feb. 25, 1944.

Kennedy & Kennedy for appellant.

W. H. Meade for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Affirming.

On May 7, 1942 the appellant's store in Somerset was broken into and fifty suits of clothes were stolen. At the appellant's instance a search warrant was issued in Johnson County and, on a search pursuant thereto, the stolen property was found on the appellee's premises in Paintsville. The chief of police, who executed the warrant, took possession of the stolen property. The appellee was later tried and sentenced to the penitentiary for receiving stolen property.

Alleging these facts, an action was filed by the appellant against the appellee in the Pulaski Circuit Court. Summons was directed to Johnson County and there executed on the appellee. The petition contained the necessary allegations to obtain an order of delivery pursuant to Chapter II, Title 8, of the Civil Code of Practice. The stolen property was then turned over to the appellant by the chief of police. The appellee made no defense to the action. A jury was empaneled and assessed damages for detention of the property at $350 and default judgment was entered, adjudging that the appellant recover the stolen property and $350 damages for the detention thereof.

Execution was issued on the judgment for the $350 and placed in the hands of the sheriff of Johnson County, who levied it on the property of the appellee. The present action was filed by the appellee to enjoin a sale under the levy. The facts were admitted by the pleadings. The chancellor adjudged that the Pulaski County judgment was void and enjoined further proceedings under the levy. This appeal is from that judgment.

If the action in the Pulaski Circuit Court was a transitory action, the judgment therein rendered was void because the action was not filed in the county in which the defendant resided or was summoned, as required by Section 78 of the Civil Code of Practice. We have many times held this to be a matter of jurisdiction and that a judgment rendered on this character of service is void. Asher v. Cornett, Ky.; 113 S. W.

131, Second National Bank v. Prichard, 172 Ky. 190, 189 S. W. 14, Hays v. Baker, 237 Ky. 265, 35 S. W. (2d) 296.

To avoid the operation of this rule, it is contended by the appellant that the Pulaski County action was one for injury to the property of the appellant, the venue of which, by virtue of Section 74 of the Civil Code of Practice, is in the County in which the injury was done. With this we do not agree. The action was brought under Chapter II of the Civil Code of Practice and Section 180, the first section of that chapter, denominates such an action as one for the recovery of specific personal property. The judgment for $350 was for damages for detention of the property and not for injury to the property. We think it is clear that an action for the recovery of specific personal property in which damages for detention are sought is not an action for injury to property within the meaning of Section 74 of the Civil Code of Practice.

Such an action is a transitory one, the venue of which is, by Section 78 of the Civil Code of Practice, laid in the county in which the defendant resides or is summoned. Under the authorities above cited the Pulaski County judgment was void, since the summons was executed in Johnson County. This being true, enforcement of the judgment was properly enjoined.

Affirmed.