**COUCH et al. v. WATKINS et al.**

Court of Appeals of Kentucky.

March 26, 1954.

MOREMEN, Justice.

Appellees, Dewey Watkins, by his attorney-in-fact, Henry L. Rudd, and Henry L. Rudd individually (herein called plaintiffs) filed suit in the Powell Circuit Court against Woodson Couch and Dan Baker (herein called defendants) to recover a money judgment on a bond which defendants had executed in a prior suit under the terms of section 188 of the Civil Code of Practice.

The first action had been commenced in the Powell Circuit Court by these same plaintiffs against one Charles Watkins and in it they had sought claim and delivery of a certain Buick automobile. An order had issued in Perry County where the sheriff executed it by taking possession of the car. Whereupon in Perry County an instrument styled Restoration Bond was executed before the sheriff. It read:

"We bind ourselves to the plaintiffs, Dewey Watkins, by Henry L. Rudd, Attorney in Fact, and Henry L. Rudd, individually in the sum of $1600.00 (Sixteen Hundred Dollars) that the defendant, Charles Watkins, shall perform the judgment of the court in this action.

"Witness our hands, this the ———— day of June 1951

"Watson Couch

"Dan Baker

"Attest: John Gross

Sheriff of

"Civil Code 188."

That bond is the basis of this suit and is the instrument on which plaintiffs seek recovery.

We will not detail the multitude of maneuvers which led to the final judgment in this case because the decisive matter on this appeal arises from a question of venue. The defendants reside and were summoned in Perry County and if an action of this

S. M. Ward, Hazard, for appellants.

H. L. Rudd, Mt. Sterling, for appellees.

character is a transitory one, then, under section 78 of the Civil Code of Practice, the action should have been brought in Perry County instead of in Powell County because section 78 reads:

"An action which is not required by the foregoing sections of this article to be brought in some other county. may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

Plaintiffs contend that subsection 4 of section 63 of the Civil Code of Practice fixed the situs of this action in the county where the cause of action arose, that is, Powell County—Powell County because that is the county from which the execution that required the sheriff to take possession of the car issued.

 We find that section 63 of the Civil Code of Practice contains only three subsections and presume counsel is referring to subsection 3, which in effect provides that an action must be brought in the county where the cause of action arose, "upon the official bond of a public officer." We think that subsection has no application here and that it applies in situations where the public officer, because of some dereliction of duty, becomes responsible in damages.

In Williams v. Sanders, 293 Ky. 216, 168 S.W.2d 552, where plaintiff sought to recover the amount which he had been required to pay as surety on a replevin bond which he had executed in behalf of defendant, it was held that such an action was of a transitory nature. The court pointed out that sections 78 and 79 of the Civil Code, and all sections dealing with venue, are construed strictly in favor of defendants who are not residents of the counties in which the actions are brought, and concluded that defendant was entitled to insist upon his right to be sued in the county where he resided or was summoned even though the replevin bond had been

executed in the same forum in which the suit had been filed.

While the facts in the Williams case are not exactly the same as those involved here, the case is authority for the proposition that actions arising out of such bonds are not limited to the forum in which the bonds are filed.

We have concluded that the action under consideration is transitory by nature and, therefore, the Powell Circuit Court should have sustained defendants' motion to quash the return on the summons which were issued to and executed on defendants in Perry County.

Judgment reversed.