**Randall Eugene CASH, Appellant,**

v.

**E'TOWN FURNITURE CO., Inc., Appellee.**

Court of Appeals of Kentucky.

Dec. 14, 1962.

J. Howard Holbert, Elizabethtown, Louis Cohen, Louisville, for appellant.

Harold K. Huddleston, Elizabethtown, for appellee.

WILLIAMS, Judge.

A transitory action was instituted by appellee against appellant in the Hardin Circuit Court. The appellant, a resident of Jefferson County, was served with summons in Jefferson County and made no defense to the action. After default judgment was taken against him appellant moved the court to quash the return of summons and hold the judgment void. That motion was overruled.

The issue of law presented is whether a judgment by default may be rendered against a defendant in a transitory action where the defendant is not a resident of the county in which the action was brought, nor was he served with summons in that county, nor did he make defense to the action before judgment was entered.

It is conceded that, prior to the adoption of the Civil Rules of Procedure, a default judgment entered under circumstances recited above would be void. See Caywood v. Williams, 218 Ky. 282, 291 S.W. 377, and Gover v. Wheeler, 296 Ky. 734, 178 S.W.2d 404. But CR 12.08 provides that a party waives all defenses and objections, with certain exceptions, which he does not present either by motion or by answer. That Rule is identical to the Federal Rule 12(h) which was construed in Zwerling v. New York & Cuba Mail S. S. Co., D.C.

33 F.Supp. 721, and Clover Leaf Freight Lines v. Pacific Coast Wholesalers Association, 7 Cir., 166 F.2d 626, in which there was a quotation from the opinion in Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed 252. The substance of those Federal Court decisions is that the defense is waived by failure to make timely objection. Because the question had not been considered by this Court since adoption of the Civil Rules, the Hardin Circuit Court followed the reasoning of the Federal cases.

However, the sections of the Civil Code upon which the earlier decisions were founded were transferred to the Statutes at the time the Civil Rules were adopted. What were Sections 78 and 79 of the Civil Code are now KRS 452.480 and 452.485, which provide:

> "KRS 452.480 [C.C. 78]. An action which is not required by the foregoing provisions of KRS 452.400 to 452.475 be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

> "KRS 452.485 [C.C. 79]. In action brought pursuant to KRS 452.480, against a single defendant, there shall be no judgment against him, unless he be summoned in the county wherein the action is brought; or, unless he reside in such county when the action is brought and be summoned elsewhere in this state; or, unless he make defense to the action before objecting to the jurisdiction of the court."

Unless CR 12 overrides those sections of the Statutes there is no question but that the judgment taken herein is void. See Gover v. Wheeler, supra. Had it been intended that the Civil Code Sections have no effect, they would not have been transferred to the Statutes. The Civil Rules were not intended to fix or affect jurisdiction or venue. CR 82 provides that:

"These rules shall not be construed to extend or limit the jurisdiction of any court of this Commonwealth or the venue of actions therein." Consequently, we are of the opinion that a judgment which is taken in violation of the provisions of KRS 452.485 is void.

The judgment is reversed.