**GOODWIN BROTHERS, Appellant,**

v.

**PREFERRED RISK MUTUAL INSUR-ANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Jan. 20, 1967.

Calvert T. Roszell, H. Foster Pettit, McDonald, Alford & Roszell, Lexington, for appellant.

Charles Landrum, Jr., Denney, Landrum, White & Patterson, Lexington, for appellee.

HILL, Judge.

This appeal concerns the validity of a default judgment entered in the Knott Circuit Court against appellant, a Kentucky corporation, with its principal office and place of business in Fayette County, pursuant to a demand by appellee in its third-party complaint in an action by one Joyce Ann Kelly against appellee to recover collision insurance benefits under a policy of insurance issued to her by appellee, Preferred Risk Mutual Insurance Company.

The insured automobile of Miss Kelly ran off the highway and was wrecked in Owsley County, Kentucky. She entered into a contract in Fayette County with appellant Goodwin Brothers, a Kentucky corporation, to repair her automobile. Being dissatisfied with progress in the settlement of her claim against appellee and in getting her automobile repaired, she filed suit in Knott Circuit Court, the county in which the policy was issued, against appellee only in which she sought recovery of $3,643.15, the claimed full value of her automobile before the wreck.

The appellee insurance company in its answer admitted liability of $1,397 but alleged any sum over that amount was the liability of Goodwin Brothers on the theory of improper repairs. This defense was based upon the insurance company's estimate of damage to the automobile due to the collision.

The appellee insurance company also filed in Knott Circuit Court a third-party complaint against Goodwin Brothers in which it sought to recover from Goodwin Brothers "all sums in excess of $1,397," which was the estimate given by Goodwin Brothers and the sum actually paid Goodwin Brothers by appellee. Summons was issued on the third-party complaint by the Knott Circuit Court Clerk and delivered to the Sheriff of Fayette County, who served same on Goodwin Brothers.

Goodwin Brothers had its office and place of business and its chief officer or agent in Fayette County, Kentucky.

Goodwin Brothers ignored the summons and made no defense to the third-party complaint filed in the Knott Circuit Court. Judgment was entered by the Knott Circuit Court against the insurance company for $3,593.15 and against Goodwin Brothers in favor of the insurance company for $2,146.-15.

The present action, from which this appeal arose, was filed in Fayette Circuit Court by Goodwin Brothers against appellee seeking to enjoin the collection of the Knott Circuit Court judgment.

The resolution of the question of the validity of the Knott Circuit Court judgment requires consideration of KRS 452.450, 452.485, and CR 14.01 and CR 82.

It is provided by KRS 452.450 that actions on contract, as in the Knott County case, must be brought against a corporation in the county in which its office or place of business or its chief officer or agent resides or in the county in which the contract was made or to be performed.

Authority for bringing in a third party under CR 14.01 may be granted by the court where such third party "may be liable to him (defendant) for all or part of the plaintiff's claim * * *."

It is argued by appellant that KRS 452.450 (providing for the county in which actions against corporations may be brought) must be complied with before a third-party defendant may be joined. It also contends that the subject matter of the third-party complaint was unrelated to and did not grow out of the subject matter of the original complaint.

■ CR 14.01 does not require that the cause of action set up in the third-party complaint be related to or grow out of the cause of action alleged in the original complaint, but this is implied. The rule provides that a claim may be asserted if such third party "may be liable to him" (defendant) "for all or part of" (the plaintiff's) "claim against him" (defendant).

716

 In the Knott County case, there were allegations that Goodwin Brothers was liable to the insurance company, and we assume the policy gave the insurance company the usual option of repairing the damaged vehicle or replacing it. So, the undertaking by Goodwin Brothers to repair the wrecked vehicle was really for the benefit of and indeed paid for by the insurance company. Hence the contract to repair was so related to the insurance contract sued on, it may be fairly said it grew out of the insurance contract, the subject of the original action.

Appellant's reasoning that CR 14.01 may not be invoked unless the requirements of KRS 452.450 are met presents a new and troublesome question in this jurisdiction.

It is argued by appellant, with some logic and persuasion, that CR 82, providing that "These rules shall not be construed to extend or limit the jurisdiction of any court of this Commonwealth or the venue of actions therein," qualified the right under CR 14.01 by requiring compliance with KRS 452.450. And, in this position, appellant has support in other jurisdictions, including some United States District Courts, for there is division of authority in this area. But the weight of authority supports impleader over an objection based upon lack of proper venue. Miller v. Hano, 8 F.R.D. 67 (D. C.E.D.Pa.1947); Moncrief v. Pennsylvania R. Co. (Erie R. Co. v. Joiner), 73 F.Supp. 815 (E.D.Pa.1947); and Lesnik v. Public Industrials Corporation, 144 F.2d 968 (2nd Cir. 1944).

We quote a comment by Cecil D. Walden from Kentucky Law Journal, Vol. XL, No. 1, p. 95 (1951):

"It appears that if third party impleader is 'ancillary' for jurisdictional purposes then it should also be so for purposes of venue and at least one judge has expressed opinion to that effect. (Judge McClintic in Crum v. Appalachian Elec-

tric Power Co., 27 F.Supp. 138.) * * * Although the third party may often be inconvenienced, yet this fact appears to be outweighed by the advantages to be gained in allowing impleader over an objection based upon lack of proper venue, and such is the weight of authority."

In Clay's Kentucky Practice, Vol. 6, CR 14.01, Comment 8, p. 251, it is stated:

"Perhaps the better rule is that the proper venue of the original action should control this branch of the proceeding, particularly since the original action may likely be the one which will fix the ultimate liability of the third-party defendant."

 Mindful of the congestion of court dockets and the desirability of minimizing the multiplicity of suits, we conclude that under CR 14.01 a third party may be joined "who is or may be liable to" a defendant "for all or part of" the plaintiff's "claim against" the defendant, regardless of whether the provisions of KRS 452.450 are met as to the third party. The interpretation thus placed upon CR 14.01 is analogous to that placed upon KRS 452.480, providing for the filing of transitory actions against a number of defendants if any one may be properly joined.

It is appropriate that we discuss Cash v. E'Town Furniture Co., Ky., 363 S.W.2d 102 (1962), cited and relied on heavily by appellant. In Cash, CR 12 was involved, not CR 14.01. There was no third-party complaint in the Cash case. Also the action was a transitory one filed in Hardin County against a resident of Jefferson County. In the present case, the Knott Circuit Court had jurisdiction of the original parties and of the subject matter. This was not so in Cash. We do not think the Cash case furnishes any authority for limiting the application of CR 14.01.

The judgment is affirmed.