Donald Lee HOOP, Individually and as Administrator of the Estate of Michael Thomas Hoop, Deceased and Shirley Ann Hoop, Appellants,

v.

Charles HAHN, Greg Quinn, Lee Quinn and Elk Lake Property Owners Association, Inc., Appellees.

Court of Appeals of Kentucky.

June 16, 1978.

Bernard J. Blau, Jolly, Johnson, Blau & Parry, Marcus Hanna, Newport, Laurence W. Grause, Covington, for appellants.

James G. Osborne, R. Barry Wehrman, Covington, Richard J. Schimpf, Cincinnati, Ohio, Donald L. Stepner, Covington, for appellees.

Before HAYES, REYNOLDS and VANCE, JJ.

VANCE, Judge.

This is an appeal from a judgment dismissing a claim against the Appellee, Elk Lake Property Owners Association, Inc. for lack of proper venue. The judgment was made final pursuant to CR 54.02.

The decedent, Michael Thomas Hoop, was killed in a boating accident at Elk Lake Shores in Owen County, Kentucky. A boat owned by appellee, Charles Hahn, a resident of Kenton County, and operated with his permission by Greg Quinn, also a resident of Kenton County, ran over Michael Hoop. The appellee, Lee Quinn, also a resident of Kenton County, is the father of Greg Quinn.

Appellants instituted suit for wrongful death in Kenton County and the appellees Greg Quinn, Lee Quinn and Charles Hahn were served with process in Kenton County. The venue as to each of these appellees was proper. KRS 452.460. By an amended complaint Elk Lake Property Owners Association, Inc., a corporation whose office and place of business is situated in Owen County, Kentucky was made a defendant. It moved to dismiss upon the ground that venue in an action against a corporation lies only in the county where its office or place of business is located. KRS 452.450.

**58**

Except in cases having no application here, KRS 452.450 provides that an action for tort against a corporation which has an office or place of business in this state must be brought in the county in which such office or place of business is situated or in which the tort was committed. Appellants contend that KRS 452.450 is limited in application to instances in which a corporation is the sole defendant. They cite no authority for this proposition, and we find nothing in the statute to support such an interpretation.

Appellants rely upon CR 14.01 and 14.02 governing third-party practice. CR 14.01 authorizes a defendant to assert a claim as a third-party plaintiff against a person who may be liable to him for all or part of the plaintiff's claim against him. It was held in *Goodwin Brothers v. Preferred Risk Mutual Insurance Company*, Ky., 410 S.W.2d 714 (1967) that such a third-party claim may be maintained against a corporation even though the action was originally brought in a county other than one in which the corporation had its office or place of business.

This exception to the venue statute relates only to third-party practice under CR 14.01. Appellants claim against Elk Lake Property Owners Association, Inc. is not a third-party claim in which appellants attempt to assert that a third-party defendant may be liable to them for all or a part of a claim made against them. It is an original claim by appellants against the association.

The original defendants in this action could have utilized CR 14.01 to file a third-party claim against the association but only to the extent that the association may be liable to the original defendants for a part of the original plaintiff's claim against them but they have not done so. The rule cannot be utilized by a plaintiff to assert an additional claim against another party.

CR 14.02 permits a plaintiff to bring in a third party when the third party may be liable to the plaintiff for a portion of the relief sought against the plaintiff by a counterclaim. Here, however, it is not contended that Elk Lake Association is liable to appellants for a part of the relief sought against appellants by a counterclaim.

The amended complaint against Elk Lake Association was filed before any counterclaim was asserted, and although the original defendants did later assert a counterclaim, it alleged only that the appellants were themselves negligent in causing the death of their son and the counterclaim demanded indemnity or contribution.

Appellants could have asserted their claim against all the appellees in Owen County where the tort occurred. They elected to assert the claim in Kenton County against only three of the appellees who were residents of Kenton County. If, having elected to proceed in Kenton County against the Kenton County residents, they are permitted to join by an amended complaint another defendant who could not have been joined in the original action, they will accomplish by indirection what they could not do directly.

We think the appellee, Elk Lake Property Owners Association, Inc., was properly dismissed from the action.

The judgment is affirmed.

All concur.