**Dwight WINKLER, Appellant,**

v.

**Jeanette GERMANN [1], Appellee.**

**No. 2009–CA–001684–MR.**

Court of Appeals of Kentucky.

Dec. 3, 2010.

---

make a request for more definite findings under CR 52.04 before reversal may be predicated upon such error.

1. The parties disagree as to the spelling of the appellee's last name. We have adopted the spelling used by the circuit court.

Michael R. Eaves, Jason M. Colyer, Richmond, KY, for Appellant.

Christopher K. Herron, Danville, KY, for Appellee.

Before ACREE, VANMETER and WINE, Judges.

### OPINION

ACREE, Judge:

Dwight Winkler appeals the August 18, 2009 order of the Boyle Circuit Court finding Winkler waived venue of the action brought by appellee Jeanette Germann, based in part on the conclusion that the action was governed by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692a–1692o, and ordering Winkler to respond to Germann's post-

judgment interrogatories following a default judgment. Because Boyle Circuit Court was an improper venue, and because venue was never waived, the default judgment is void. Therefore we must reverse and remand the case for entry of an order dismissing the complaint.

▇ The following facts are not disputed and are clearly supported by the record.

• At all times relevant to this action, Winkler was a resident of Madison County, Kentucky,[2] and Germann was a resident of and conducted business in Boyle County;

• The parties entered into a contract by which Winkler leased land in Jessamine County;

• By the terms of the contract, Winkler was permitted to "use the Premises only for raising sod, hay and tobacco."

• Germann brought suit against Winkler in Boyle County where Germann resided;

• Winkler was served in Madison County with summons to appear in Boyle Circuit Court to answer the complaint;

• Winkler did not obey the summons or file an answer to the complaint;

• Boyle Circuit Court entered a default judgment against Winkler;

• Germann served Winkler with post-judgment discovery in aid of execution on the default judgment;

• Winkler did not respond to the discovery request;

• Germann filed a motion asking Boyle Circuit Court to issue an order for Winkler to show cause why he should not be held in contempt for failure to respond to post-judgment discovery;

2. All counties hereinafter are in Kentucky unless otherwise noted.

• Winkler responded for the first time asserting that the default judgment was void because venue was improper in Boyle Circuit Court;

• On August 18, 2009, the Boyle Circuit Court held:

"1. That the Defendant [Winkler] has waived the issue of venue;

2. That this transaction appears to fall within the Federal Fair Debt Collections Act.

3. That venue is proper in Boyle County, Kentucky.

4. That the Defendant is to answer the Plaintiff's Post–Judgment Interrogatories within 30 days from July 9, 2009."

Winkler took his appeal from this August 18, 2009 order.

Relying on *Cash v. E'Town Furniture Co.*, 363 S.W.2d 102 (Ky.1962), Winkler argues that he never waived his right to object to venue. In *Cash,*

The issue of law presented is whether a judgment by default may be rendered against a defendant in a transitory action where the defendant is not a resident of the county in which the action was brought, nor was he served with summons in that county, nor did he make defense to the action before judgment was entered.

*Cash,* 363 S.W.2d at 102. Our highest court concluded that such a judgment is void, based on the following reasoning, which we excerpt and adopt here.

[P]rior to the adoption of the Civil Rules of Procedure, a default judgment entered under circumstances recited above would be void. *See Caywood v. Williams,* 218 Ky. 282, 291 S.W. 377 [ (1927) ], and *Gover v. Wheeler,* 296 Ky. 734, 178 S.W.2d 404 [ (1944) ]. But CR 12.08 provides that a party waives all defenses and objections, with certain ex-

ceptions, which he does not present either by motion or by answer. That Rule is identical to the Federal Rule 12(h) which was construed in *Zwerling v. New York & Cuba Mail S.S. Co.,* D.C. 33 F.Supp. 721 [ (1940) ], and *Clover Leaf Freight Lines v. Pacific Coast Wholesalers Association,* 7 Cir., 166 F.2d 626 [ (1948) ], in which there was a quotation from the opinion in *Commercial Casualty Ins. Co. v. Consolidated Stone Co.,* 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252 [ (1929) ]. The substance of those Federal Court decisions is that the defense is waived by failure to make timely objection. Because the question had not been considered by this Court since adoption of the Civil Rules, the [circuit court] followed the reasoning of the Federal cases.

However, the sections of the Civil Code upon which the earlier [Kentucky] decisions were founded were transferred to the Statutes at the time the Civil Rules were adopted. What were Sections 78 and 79 of the Civil Code are now KRS 452.480 and 452.485, which provide:

"KRS 452.480[C.C. 78]. An action which is not required by the foregoing provisions of KRS 452.400 to 452.475 be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

"KRS 452.485[C.C. 79]. In action brought pursuant to KRS 452.480, against a single defendant, there shall be no judgment against him, unless he be summoned in the county wherein the action is brought; or, unless he reside in such county when the action is brought and be summoned elsewhere in this state; or, unless he make defense to the action before ob-

jecting to the jurisdiction of the court."

Unless CR 12 overrides those sections of the Statutes there is no question but that the judgment taken herein is void. *See Gover v. Wheeler, supra.* Had it been intended that the Civil Code Sections have no effect, they would not have been transferred to the Statutes. The Civil Rules were not intended to fix or affect jurisdiction or venue. CR 82 provides that: "These rules shall not be construed to extend or limit the jurisdiction of any court of this Commonwealth or the venue of actions therein." Consequently, we are of the opinion that a judgment which is taken in violation of the provisions of KRS 452.485 is void. *Cash,* 363 S.W.2d at 102–03.

The statutes and rules cited in *Cash* have not changed since that case was rendered. Unless we can find a distinction between *Cash* and the case before this Court now, we can reach only one conclusion—that the default judgment is void.

Germann proposes a few ways to distinguish this case. First, she argues that KRS 452.480 uses permissive rather than compulsory language ("may" rather than "must"), leaving open the possibility that venue is proper in other counties, specifically where the plaintiff resides. However, even if we accepted this argument, we cannot ignore the compulsory language of KRS 452.485 that "there *shall* be no judgment against" a single defendant who is not summoned under circumstance prescribed in that statute.

■ Furthermore, "an objection to venue is a personal privilege of the defendant...." 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3826 (3d ed. 2010). "In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk

that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great Western United Corp.,* 443 U.S. 173, 184, 99 S.Ct. 2710, 2716–17, 61 L.Ed.2d 464 (1979) (emphasis in original) (citations omitted). That is the clear purpose of Kentucky's venue statutes and that purpose runs contrary to Germann's argument that use of the word "may" in KRS 452.480 permits the filing of the complaint in the county of the plaintiff's residence.

Germann's second argument is, essentially, that the objection to venue was not timely. However, this argument, which is fully resolved in Winkler's favor by *Cash,* is also without merit since the cases upon which Germann relies are those involving tardy motions for changes of venue.

■ Germann also argues that because this case is brought under the FDCPA, venue was proper in Boyle County. We disagree for several reasons.

The sole authority Germann cites is an unpublished opinion in which this Court stated that "[n]otwithstanding our conclusion that the [venue] issue is moot, we note that KRS 452.480 is inconsistent with the venue provision of the FDCPA (15 U.S.C.A. § 1692i)[.]" *Compton v. Instant Auto Credit, Inc.,* 2005 WL 326973, *3 (Ky.App.2005) (2003–CA–001021–MR). While CR 76.28(4)(c) authorizes citation to unpublished opinions in very specific and limited circumstances, this is not one of them. The legal point for which Germann cites *Compton* is, by its own acknowledgment, dicta and has no persuasive authority.

Furthermore, if applicable, the FDCPA establishes that venue for the collection of a consumer debt is proper only in the proper court of the Kentucky county "(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of

the action." 15 U.S.C.A. § 1692i. The record shows that Winkler resided in Madison County at the commencement of the action; therefore, subsection (B) does not make Boyle County the proper venue. We cannot conclude that subsection (A) applies because we find nothing in the record (and Germann refers us to no evidence) that supports even a reasonable inference that Winkler signed the contract in Boyle County. While Germann says in her brief that Winkler "was determined by the [circuit] court to have signed in Boyle County[,]" the circuit court actually made no such finding. Venue, therefore, cannot be premised upon subsection (A).

 Finally, we conclude that the debt created under this contract was not a consumer debt, and therefore the FDCPA and its venue provision are not factors in the analysis. Germann is not a debt collector. "[T]he case law is well-settled on this point: a creditor is not a debt collector for the purposes of the FDCPA[,] and creditors are not subject to the FDCPA when collecting their accounts." *Stafford v. Cross Country Bank,* 262 F.Supp.2d 776, 794 (W.D.Ky.2003) (citations omitted). Furthermore, this is not a consumer debt because Winkler is not a "consumer" in this transaction, as defined by the FDCPA. The collection of this purely business-related debt is not governed by the FDCPA. *See* 15 U.S.C. § 1692a(5) (defining "debt" as "any obligation ... of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]"); *see also Bank of Boston Intern. of Miami v. Arguello Tefel,* 644 F.Supp. 1423, 1430 (E.D.N.Y.1986)(business debt is not a consumer debt governed by FDCPA). Winkler did not acquire the Jessamine County property in order to live there; he contin-

ued to reside in Madison County. Germann specifically limited Winkler's use of the property to "raising sod, hay and tobacco." The meeting of the minds here was obviously the lease of land for a business-related or commercial purpose. Therefore, neither FDCPA nor its venue provision applies.

Because this case is effectively indistinguishable from *Cash v. E'Town Furniture,* we are compelled to find that the default judgment in this case is void, as is the circuit court's order of August 18, 2009.

For the foregoing reasons, we reverse and remand this case to the Boyle Circuit Court for entry of an order dismissing the complaint for improper venue.

ALL CONCUR.